## Simmler v. City of Philadelphia et al.

*William B. Lex, Robert L. Trescher,* and *Clarence G. Myers,* for plaintiff.

*Joseph Sharfsin* and *James F. Ryan,* for defendants.

LEVINTHAL, J., September 23, 1938.—On April 1, 1938, I entered an order directing S. Davis Wilson, Mayor of the City of Philadelphia, and Andrew J. Emanuel, Director of the Department of Public Safety, to reinstate William Simmler to the office of deputy chief engineer of the Bureau of Fire.

On September 7, 1938, Simmler filed a petition for a rule to show cause why a writ of attachment for contempt for failing to comply with my order should not issue against the mayor and the director. In their answer it is asserted that they believe that they have substantially complied with my mandate and that they are ready to comply with any further direction clarifying or interpreting it.

The averments of the petition and answer disclose that Simmler was restored to his title and salary of deputy chief engineer, but that the duties performed by him prior to his demotion in July 1937 were being performed, since my order of reinstatement, by the same subordinate official to whom those duties had been assigned by the mayor and the director at the time of Simmler's demotion. That demotion the Supreme Court of Pennsylvania has

found to have been an unlawful removal from office, in violation of the provisions of the Act of June 25, 1919, P. L. 581, art. XIX, sec. 18, 53 PS §3338: Simmler v. Philadelphia et al., 329 Pa. 197 (1938).

It is admitted by the mayor and the director that Simmler has been forbidden by them to attend any fires or to supervise the men and the equipment of the Fire Bureau. It is contended that, as deputy chief engineer, Simmler is empowered merely to assist the chief engineer, Ross B. Davis; that Chief Davis, by order of the mayor, has since July 1937 been in charge only of the administration office of the Bureau of Fire; and that Deputy Chief Engineer Simmler is therefore enpowered merely to assist in the direction of the administration office.

It is significant that the title of Simmler's office is not "assistant chief engineer", but is "deputy chief engineer". It is fairly well established that a deputy is not equivalent to an assistant, "for the deputy, generally speaking, possesses all the powers of his principal. A deputy is authorized by law to act generally for and in place of his principal": 2 McQuillin on Municipal Corporations (2d ed.) 45, sec. 439.

The powers, functions, and duties of the chief engineer of the Bureau of Fire are specifically prescribed in section 11, 12, and 17 of the ordinance approved December 29, 1870, Ordinances and City Solicitor's Opinions, 1870, p. 590, section 12 of the ordinance approved April 4, 1887, Ordinances and City Solicitor's Opinions, of 1887, p. 169, and the ordinance approved July 5, 1912, Ordinances and City Solicitor's Opinions of 1912, p. 195.

It cannot be seriously contended that because the mayor and the director have improperly attempted to deprive the chief engineer of the duties and functions lawfully pertaining to his office, the deputy chief engineer must be content merely to assist his chief in performing trivial, perfunctory duties assigned to his superior officer, in lieu of the prescribed duties of his office.

It is true that under our city charter the executive power is vested in the mayor and that the director of public safety may make all rules and regulations necessary for the effective government of his own department. But the executive power of the mayor is not absolute and unrestricted. It is the mayor's duty to cause the ordinances of the city and the laws of the State to be executed and enforced (Act of 1919, supra, art. II, sec. 6) and all rules and regulations prescribed by the director of public safety must be consistent with such ordinances and laws (art. III, sec. 3, idem.). The Civil Service Law of Pennsylvania, as more recently construed by the Supreme Court of Pennsylvania, and the unrepealed ordinances of city council must be respected by all citizens, including the mayor and his directors. If these enactments of our State and city legislative bodies tend to interfere with the efficient management of the vitally important Bureau of Fire, as the mayor and his director contend, amendment or repeal of these laws should be resorted to. If, as suggested, Simmler be guilty of offenses other than those included in the charges heretofore preferred against him, his superiors are not without remedy under the provisions of our Civil Service Law.

The primary question before me at this time is whether Simmler has been reinstated to the office of deputy chief engineer. I find that he has not. The first right of any public official is to exercise the powers and to perform the duties connected with his office. As deputy chief engineer of the Bureau of Fire, Simmler has the right not merely to the emoluments of that office, but also to the exercise of all the powers, privileges, functions and duties lawfully pertaining thereto.

I find further that the mayor and the director have not wilfully disobeyed my order. In their answer they have submitted themselves to my direction and have asserted that they "are ready to comply with the order heretofore entered in such manner as the court may interpret

its meaning." I therefore refuse at this time to issue a writ of attachment for contempt against the mayor and the director.

Rule discharged without prejudice.