**OWEN L. CARR v. THE CITY OF MIAMI, a municipal corporation; A. B. CURRY as City Manager of the City of Miami; A. E. FULLER as Director of Finance of the City of Miami; GEORGE W. LANGFORD, et al., as members of the Civil Service Board of the City of Miami; GEORGE M. WRIGHT, and BENNIE CABRERA.**

17 So. (2nd) 696                                              January Term, 1944
April 28, 1944                                                        Division A

· *Hendricks & Hendricks,* for appellant.

*J. W. Watson, Jr.,* for the City of Miami and *Lillian R. Railey* for George M. Wright, appellees.

BUFORD, C. J.:

This appeal brings for review judgment of the Circuit Court in and for the Eleventh Judicial Circuit of Florida affirming the order of the Civil Service Board of the City of Miami, which order was inter alia as follows:

"After a full hearing and full discussion of the seniority status of O. L. Carr, Assistant Building Inspector in the Department of Public Service of The City of Miami, it was determined by a majority vote of the Board that O. L. Carr's seniority standing and the period of service for which he should be given credit under the rules governing lay-off should be computed from the date of his re-employment, to-wit: July 24, 1936, rather than the date of his original employment on October 25, 1935. The decision of the Board was based upon the following findings:

"(1) a prior Civil Service Board erred in the application of paragraph (a) Section 5 of Rule 19, in that O. L. Carr's request for reinstatement should not have been considered

by this Board because O. L. Carr's prior period of service with the City of Miami was less than one year.

"(2) Under the provisions of paragraph (a), Section 5 of Rule 19, Mr. Carr should have been placed at the bottom of the eligible list rather than given re-employment over others who were on such eligible list.

"(3) Under the provisions of Section 9 of Rule 10, the Board has the power to correct, amend, or revoke any schedule, register, or other paper or record where it appears that an error or injustice has been done, and such case is now before the Board in that either Mr. Wright or Mr. Cabrera would be injured by this Board not correcting an error in the Civil Service records."

It appears from the record that the petitioner Carr entered the competitive class of the Civil Service of Miami (See Sec. 63 City Charter) on October 25, 1935, from which he resigned April 15, 1936. Thereafter, respondent's Wright (on June 23, 1936) and Cabrera (on April 24, 1936) were similarly employed with like classification. Then after the employment of Wright and Cabrera, petitioner Carr re-entered the service of Miami on July 24, 1936, with like classification as previously and as Wright and Cabrera were classified. The petitioner Carr was "laid off" in September 15, 1942, upon the hypothesis that he was junior in service to Wright and Cabrera.

The petitioner claims he is entitled to credit for his former period of service which, when added to his later period of service, gives him seniority over Wright and Cabrera in length of service, hence he should not be subject to being "laid off" before Wright and Cabrera are first "laid off," and respondents claim to the contrary.

It is correctly stated by the court below that "lay-offs" are governed by Civil Service Board's rule 18 paragraph 1 and Section (a) which is Item 23 of the transcript, and reads:

"Whenever it becomes necessary, through lack of work or funds, to reduce the number of employees in the classified service, the Department officer shall report such reduction to the Board in writing. The officers or employees laid off shall

be those who at the time of the lay-off are actually employed in the classified service, and—

"(a) who had been in the service of the City by actual employment the least total time previous to such date. Provided that no service shall be included prior to a period of absence from service which exceeds one year."

Resignations are governed by Rule 19, Section 5, paragraph (a) is Item 25 of the transcript and reads:

"Any person resigning from the service, after giving reasonable notice may, within one year, make application for re-instatement to the eligible register for the same division and grade, which application shall be considered by the Board on its merits and if approved the name shall be placed last on the existing eligible register for the position. Such application shall not be considered unless the applicant had been in the service not less than one year and passes the necessary physical examination when required."

"Petitioner has been reinstated after resigning."

Thus, it is apparent that petitioner was not entitled to credit for the period of service which occurred prior to his resignation to establish right of seniority, but was only entitled to be reinstated to the "eligible register" for the position from which he resigned. Those persons who have been placed on the eligible register after Carr's resignation and prior to his re-instatement to such register were entitled to seniority in employment over Carr.

The judgment is affirmed.

So ordered.

TERRELL, CHAPMAN and ADAMS, JJ., concur.