SHANNON, Judge.
The appellant, plaintiff below, filed his petition for an alternative writ of mandamus against the defendants, constituting the Civil Service Board. On testimony taken the lower court refused the plaintiff an alternative writ of mandamus, from which final order the plaintiff appealed.
The plaintiff had obtained the rank of Patrolman First Class with the Police Department of the City of Orlando after approximately eight years of excellent service. He resigned, voluntarily, during 1953, but within one year from the date of his resignation he applied for reinstatement, which was granted on March 22, 1954. At the time of his resignation from the service, he held the permanent rank of Patrolman First Class. By its resolution, the defendant granted his application, which will be quoted, post, and reappointed him as Permanent Patrolman with a merit rating of 83.
*50 On May 10, 1954, the defendant amended the rule regarding the service requirements for eligibility to take the examination for promotion and subsequent to that, May 22, the plaintiff took and passed the examination for promotion with grades of Patrolman First Class and Sergeant. On June 14, 1954, the defendant notified the plaintiff that under its rules, he had not been eligible to take the examination because of lack of required length of service in grade and that it, therefore, refused to recognize his examination. The last step by the plaintiff was the filing of the alternative writ of mandamus.
The Chancellor below wrote a comprehensive memorandum opinion and both of the parties to this appeal have written excellent briefs so that the questions involved stand out clearly in this court.
For the purpose of understanding the legal questions involved, it is necessary to cite the civil service rules and certain sections of the Code of the City of Orlando. On March 15, 1954, at the time he applied for reinstatement, the Civil Service Board adopted the following resolution:
“Mr. Langston made the motion that Mr. Maund be reappointed as Permanent Patrolman, without probationary period, with a merit rating of 83; the reappointment to be subject to satisfactory physical examination. The motion was seconded by Mr. Burcham and unanimously carried.”
At that time the Civil Service Board of Orlando had in full force and effect Section 17.03 which provides:
“Within one year, but not later, an employee who has resigned may file written request for reinstatement with the Secretary, and such request will be considered by the Board at its next regular meeting. If the Board approves any such request, his merit rating shall be fixed by the Board, which shall be recorded in the minutes; and thereupon, the name of the member so reinstated shall be entered last on the eligible list for the grade of Patrolman or Fireman, as the case may be. Within the year next ensuing, such member shall retain such place on the eligible list as is warranted by his merit rating assigned should there be other names added as a result of competitive examination during the year.”
And, in addition, Sections 05.1(b) and (c):
“Appointments as Patrolman (probationary) shall be made only from list of eligibles therefor and in order of seniority thereon. City Physican shall give physical examination to each Patrolman (probationary) prior to confirmation by Board as Patrolman. After satisfactory completion of probationary service of one year following initial appointment, and confirmation by Board as Patrolman, he shall be eligible to apply to take the next examination for promotion to the grade of Patrolman First Class; and thereafter upon successfully passing competitive examination therefor and receiving from the Board a certificate as to his efficiency and fitness, his name shall be entered on the eligible list for said grade of Patrolman First Class.
“After satisfactory completion of probationary service of one year following promotion to grade of Patrolman First Class, and confirmation by the Board of Patrolman First Class, he, or any Detective, any Patrolman First Class having three years or more o-f satisfactory service, or any Patrolman who is on eligible list for the grade of Patrolman First Class and who has five or more years of satisfactory service, shall be eligible to apply to take the next examination for promotion to the grade of Detective, Detective Sergeant, or Sergeant; and thereafter upon successfully passing competitive examination therefor and receiving *51 from the Board a certificate as to his efficiency and fitness, his name shall be entered on the eligible list for said grade of Detective, Detective Sergeant or Sergeant, as the case may be.”
On May 10, 1954, after plaintiff’s reinstatement and before he took the promotion examination on May 22, there were certain amendments to Section 05.1 as follows:
“That Section 05.1(b) be amended by inserting ‘and one year’s service as permanent patrolman’ in the third sentence thereof between the words ‘as Patrolman’ and the words ‘he shall be eligible.’ ”
“Section 05.1(c):
“Upon satisfactory completion of probationary service following promotion, and one year’s service as permanent patrolman first class, two years' service as permanent detective, detective sergeant, or sergeant, or four years’ service as permanent lieutenant or captain, a member of the Police Department shall be eligible to apply to take the next higher grade and thereafter upon successfully passing competitive examination therefor and receiving from the Board a certificate as to his efficiency and fitness his name shall be entered on the eligible list for the next higher grade.”
Under the resolution of the defendant and the above sections of the code, it can readily be seen that we have the plaintiff applying for reinstatement, the reinstatement resolution, and the code provisions at the time he was reinstated, allowing him to take the examination. After his appointment, but before he had taken the examination, the Code was amended so that anyone in his exact position would have to serve one year as Permanent Patrolman before he would be eligible to take the promotional examinations. It can be readily seen that without the amendment, he could have taken the examination, but with the amendment, he had to remain for one year as a Permanent Patrolman before he was eligible. We-are primarily concerned with two questions,, one, whether or not the plaintiff’s prior service should be taken into consideration! by the defendant for the purpose of allowing him to take the promotional examination, and two, whether or not the word' “reinstatement” means, or can be construed' to mean, that the plaintiff’s status at the time he was re-employed was exactly the-same as when he resigned.
For this situation, and for the purpose of making the questions clearer, the lower court, in its opinion, stated:
“Petitioner contends that his eligibility to take the promotional examination for promotion to Patrolman First Class rests on either of two propositions under the quoted rules and regulations: first; that upon his reinstatement on. March 22, 1954, he was reinvested with, all his prior service in the police department in the respective grades of' permanent patrolman and patrolman, first class and therefore, upon his reentry into service as permanent patrolman on April 1, 1954, he then had1 more than enough satisfactory service-in that grade to be eligible for the examination for promotion to patrolman first class either under Rule-05.1 (b) as it existed on April 1, 1954,. or as amended on May 10, 1954; secondly, that in addition, the Amendment of Rule 05.1(b) on May 10th cannot be applied to him inasmuch as he had re-entered employment under the-rule as it existed on April 1, 1954,. and thereby became clothed with the-right to take future promotional examinations under the rules and regulations pertaining at the time of his re-entry into civil service status, and that under that rule before amendment, he became eligible immediately upon re-entry into service as a permanent patrolman.”
It becomes manifest then if plaintiff’s eligibility to take the examination is to be- *52 based on his prior length of service the amendment to the Code will not play a part and is not involved in this decision.
Plaintiff urges that when he was reinstated and began his work, the word “reinstatement”, according to its plain meaning, comprehends the re-establishment of a former status, then it must logically follow that reinstatement under Section 17.03 necessarily re-establishes the prior satisfactory service of the plaintiff and reclothes him with all civil service rights that may attach to such satisfactory service. The word “reinstatement”, if used alone, may mean the construction to which plaintiff wishes to apply, but when taken in its context, as used in the Code, reinstatement falls far short of such construction. For instance, suppose that the defendant, subsequent to passing the resolution, had no vacancy in his class or position, could it be said that the Board while reinstating him had clothed the plaintiff with all the rights and privileges that he had acquired at the time of his resignation. Section 17.03 spells out in detail all of the conditions which the plaintiff must meet prior to his status becoming fixed.
While we have been cited to numerous cases by the respective parties, it is necessary to take into consideration the fact that the plaintiff voluntarily resigned and was not discharged without cause. Several of the cases do not make this distinction, but to our decision it is an important factor. If the plaintiff had been discharged without cause and was reinstated, his status would be entirely different. He would then take his position completely clothed with all the prerogatives of his position which, until he was discharged without cause, he was entitled. In the instant case, however, the plaintiff voluntarily resigned, and unless the Civil Service Board took positive action otherwise, he had lost all .right to take the promotional examination. After his resignation he filed an application to be reinstated and, pursuant to regulations of the defendant, he was put on the eligible list. By its resolution the defendant did just one thing for him, it waived the probationary period.
In Carr v. City of Miami, 1944, 154 Fla. 394, 17 So.2d 696, 697, the court had before it a situation quite similar to the present one. In that case Carr was the Assistant Building Inspector of the City of Miami and resigned under the provisions of the rules of the Civil Service Board. Under the provisions of those rules, he was required, and did apply to be reinstated within one year. Two other employees had been employed during the time of Carr’s resignation and his reinstatement. The case involved the question of whether or not Carr’s prior service should be computed so as to prevent his being laid off prior to the other two employees. The court, in holding that his prior period of service should not be computed for this purpose, stated:
“Thus, it is apparent that petitioner was not entitled to credit for the period of service which occurred prior to his resignation to establish right of seniority, but was only entitled to be reinstated to the ‘eligible register’ for the position from which he resigned. Those persons who have been placed on the eligible register after Carr’s resignation and prior to his re-instatement to such .register were entitled to seniority in employment over Carr.”
The Carr case, supra, is explicit as to what effect, in resigning and being reinstated in the prescribed period, the plaintiff’s prior service had to his status. If, in the Carr case, the employee had no seniority rights in relationship to other employees who were hired after his resignation and prior to his reinstatement, then, the plaintiff in the present case would not have the legal right to take the examination under sections of the Code of the City of Orlando, supra.
The plaintiff urges that he was promised, on March 22, 1954, at which time the resolution, supra, was passed, that he *53 would be eligible to take the examination. However, the record fails to show that there was a resolution embodying this, and regardless of what the commissioners, individually, may have said, it is only a resolution passed by the body as a whole that this court will consider. Insofar as the record is concerned, it passed only one resolution, which was the resolution of March 22, 1954, supra.
When the plaintiff was reinstated, and prior to May 10, he had a right under the rules then in effect, to take the examination. The rule was amended prior to the examination date and by such amendment, he, and all other employees similarly situated, were or could have been held ineligible to take such examination. It is a generally accepted rule of law that rules and regulations promulgated by the Civil Service Boards under the authority vested in it by statutes are subject to be amended from time to time by such boards. The plaintiff had not taken the examination, and the amendment applied to all persons similarly situated. The plaintiff was reinstated under them and as long as such amendment would not discriminate against him personally, he has no legal right to complain. By his reinstatement he was 're-employed on April 1, 1954, and he, therefore, acquired a civil service right to all future promotion procedures as were then afforded by the rules as they existed. By his re-entering the service the acquired rights that were then afforded him were subject to the board’s then existing right to amend the regulations concerning the examinations and promotions. Plaintiff has urged that by its amendment the defendant had necessarily “changed the rules after the game had started” and sustained his position, citing the case of Ferrill v. Ellis, 1942, 50 Cal.App.2d 743, 123 P.2d 857. It will be seen, however, in the Ferrill case, supra, the applicant for the position in the police department had passed his physical examination and that then, the Civil Service Board had amended its rules so as to require all applicants to have twenty teeth, whereas this applicant had an upper denture. The Supreme Court of California held in effect that having once acquired his right to the position by passing a physical examination, the Board could not then amend its rules so as to make him ineligible. In the instant case the plaintiff had not taken the promotional examination when the amendment was made so this case comes under the rule announced in another California case of Jones v. O’Toole, 1923, 190 Cal. 252, 212 P. 9, 10, wherein it was held that by giving one employee a certain number of points in his score for being a veteran and, thus raising such veteran on the list, then the plaintiff should not complain, as a matter of law, as there had been no violation of the proper construction of the Civil Service rules. The court stated:
“This is not the giving of a retroactive effect to the amendment, but is merely making it take effect at once upon its adoption. Accordingly, the persons whose percentage is thus raised should be given rank upon the register according to their new percentage, and this is what the commissioners did. We can see nothing unlawful in this action. * * *
“There may be a vested right in an office, once the appointment is received, but the petitioner was not vested with any right, which an amendment to the charter could not take away, by virtue of having his name placed on the register prior to the appointment.”
It is important to .remember in this case that the amendment to the rule was passed prior to the plaintiff’s taking the promotional examination.
We hold that by application of the amended Rule 05.1(b), which took effect on May 10, 1954, before such examination was given, did not violate any civil service right or status of the plaintiff.
While the plaintiff has raised several questions and has cited a great number of *54 cases, it will be unnecessary for this court to decide them.
The order of the court below adjudging the alternative writ of mandamus be discharged and this cause be dismissed must be affirmed.
Affirmed.
KANNER, C. J., and ALLEN, J., concur.