Carney et al. *v.* Lowe et al., Appellants.

Argued September 25, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*Harold F. Mook,* with him *Russell M. Orcutt, O. J. Graham, Elmer L. Evans, J. S. Jiuliante, Emmett C.*

*Wilson, John B. Nicklas, Jr.,* and *David Sharman, Jr.,* for appellants.

*William B. Washabaugh, Jr.,* with him *David S. Gifford* and *Edward M. Murphy,* City Solicitor, for appellees.

OPINION BY MR. JUSTICE STERN, November 27, 1939:

We are concerned on this appeal with the civil service article (XLIV) of The Third Class City Law of June 23, 1931, P. L. 932.

Section 4404 provides that each of the civil service boards in a city "shall prepare and adopt such rules and regulations" to cover the selection of persons to be employed or appointed "as in the judgment of said boards shall be best adapted to securing the best service for the public. Such rules and regulations shall provide for ascertaining and determining, so far as possible, the physical qualifications, habits, reputation, standing, experience and education of all applicants for such positions, respectively; . . ."

Section 4405 provides that "When any person who was engaged in the military or naval service of the United States during any war in which the United States engaged, and has an honorable discharge therefrom, shall take any examination for appointment or promotion, his examination shall be marked or graded fifteen per centum perfect before the quality or contents of the examination shall be considered. When the examination of any such person is completed and graded, such grading or percentage as the examination merits shall be added to the aforesaid fifteen per centum, and such total mark or grade shall represent the final grade or classification of such person and shall determine his or her order of standing on the eligible list."

Section 4406 provides for a certification to the city council, by the president of the proper civil service

board, of the four applicants having the highest percentages.

Section 4407 provides that "Among those persons possessing qualifications and eligibility for appointment, preference in appointment shall be given to honorably discharged soldiers and sailors who served in the Army or Navy of the United States during time of war: Provided, That preference may be given by the appointing power to all honorably discharged soldiers, sailors and marines, who served in the Army or Navy of the United States during times of war, who have passed the required civil service examinations, notwithstanding the fact that the names of such soldiers, sailors and marines may not be among the four names standing highest upon the eligible lists as hereinbefore provided. Such appointment of soldiers, sailors and marines may be made without regard to any age limitations now provided for by law or the rules and regulations of any board or commission having in charge civil service regulations in any county, city or borough."

On October 11, 1937, pursuant to the authority granted by section 4404, the Civil Service Board for the examination of applicants for appointment to positions in the police department of the City of Erie passed a resolution "that the age limit for applicants for the police department be not less than 21 years of age, and not more than 35 years of age, at time of examination." On November 27, 1937, the board held examinations. Fifteen honorably discharged soldiers, defendants in the present proceedings, all received more than the passing grade of 70, and therefore qualified, as far as the examinations were concerned, without the aid of the fifteen per cent credit given by the statute. If that credit had not been allowed, however, instead of the veterans obtaining, as they did, the first eleven, the thirteenth, the fifteenth, the twenty-third and the forty-fifth places on the eligible list, plaintiffs, who were non-veteran applicants taking the examination,

would have gained the first fifteen places, since they all received higher grades in the examination than any of the veterans would have had without the advantage of the statutory credit. The ages of the veterans ranged from thirty-seven to forty-four,—all above the thirty-five-year limit, while plaintiffs were all between twenty-one and thirty-five years of age.

Plaintiffs brought a bill in equity against the civil service board, the mayor and members of council, the district attorney, and the fifteen veterans. The court decreed that the eligible list must be revised so as to exclude all persons over thirty-five years of age and all who failed to pass the examination without the aid of the preferential credit, and restrained the mayor and members of council from making any permanent appointments until the list should have been so corrected.

The principle underlying the issue here involved was fully discussed in *Commonwealth ex rel. Graham v. Schmid,* 333 Pa. 568, and it would be but repetitious to enter upon an analysis of the conclusion there reached and its supporting reasons. After an exhaustive study of the authorities it was held in that case that "so long as the statute requires passage of the examination, a veteran may constitutionally be preferred over non-veterans whether the statute be mandatory or directory," and therefore, assuming section 4407 to be limited by the qualification that the appointing power need not select a veteran morally or physically unfit, the preference made permissible by that section was constitutional. But it was further held that a statute was unconstitutional which exempted veterans from taking the examination for a civil service position,[1] or granted them a lower passing grade than other candidates, or, "what is an equivalent provision, a credit to veterans of a specific number of points aiding them in passing

_____

[1] See *Wood v. Philadelphia,* 46 Pa. Superior Ct. 573.

an examination," and therefore section 4405 was unconstitutional in so far as it granted a fifteen per cent credit not merely as a preference to those passing the examination but as an aid in establishing eligibility. In short, the Schmid case ruled that under Article III, section 7, of the Constitution, which forbids the granting of any special or exclusive privilege or immunity, a statute was constitutional if it granted to war veterans a preferential right to appointment provided they had qualified for the position under uniform eligibility rules, but was unconstitutional if it permitted veterans to qualify under less rigorous standards than those prescribed for other applicants.[2]

In the present case we need go no further to test the correctness of the decree of the court below than to apply this ruling to the provision of section 4407 which permits the appointment of soldiers "without regard to any age limitations now provided for by law or the rules and regulations of any board or commission having in charge civil service regulations." To require that an applicant for a position in the police department be below a certain age is the prescription of a qualification for eligibility. To permit war veterans to be appointed even though above such maximum is not the mere granting to them of a preference if otherwise eligible but the setting up for them of a standard of eligibility different from that established for other applicants. Therefore it is clear that the permitted waiver of the age limit provided by section 4407 is unconstitutional.[3] If it is consistent with the public welfare that the police department be manned by persons

---

[2] A preferential as distinguished from a qualifying credit is now provided for in the Act of June 27, 1939, P. L. 1198. This act states that it is to be construed "as being the exclusive law applying to the Commonwealth and its political subdivisions in giving preference to soldiers in appointment to public position."

[3] The Act of June 27, 1939, P. L. 1198, makes no provision for any discrimination in age qualifications.

beginning service at an age of more than 35 years, the maximum limitation should be changed accordingly by legislation or by resolution of the civil service board; if, however, such an age is undesirable from the standpoint of the public good, it is nonetheless so in the case of war veterans than of other persons.

From the eligible list prepared by the civil service board there must therefore be deleted the names of all applicants over the thirty-five-year age limit, as well as those, if any, who failed to pass the examination without the aid of the preferential credit of fifteen per cent.

The decree of the court below is affirmed, the parties to bear their respective costs.