Jones, Appellant, *v.* Unemployment Compensation
Board of Review.

Argued December 16, 1940.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, RHODES and HIRT, JJ.

*Isidor Ostroff,* for appellant.

*R. Carlyle Fee,* Assistant Special Deputy Attorney General, with him *Charles R. Davis,* Special Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

OPINION BY KELLER, P. J., April 16, 1941:

This is an appeal by an employee in the civil service created under the Unemployment Compensation Law of 1936 (P. L. of 1937, p. 2897), as amended by Act of May 18, 1937, P. L. 658, (who was a World War veteran), from being furloughed by reason of the reduction, by order of the Social Security Board for budgetary reasons, of the number of 'principal clerks' at the Philadelphia office from sixteen to fifteen, the appellant being the lowest such clerk on the eligible list, and his seniority being no greater than those retained who were not war veterans.

Following a competitive examination, in which appellant received a credit of five per centum on his examination rating because he was an honorably discharged soldier in the World War, he was appointed

a principal clerk in the Philadelphia office, effective April 16, 1938. He retained this position until September 29, 1939, when, on order of the Social Security Board the number of principal clerks was reduced from sixteen to fifteen, because of lack of funds, and appellant being the lowest in rank on the eligible list, he was furloughed. He appealed to the Unemployment Compensation Board, which after a full hearing dismissed his appeal. He then appealed to this court.

Appellant's counsel presented to us two questions of law as being involved in the appeal, to wit:

1. Is the action of the Secretary of Labor and Industry in furloughing an employee solely on the basis of his seniority and without regard to his efficiency or merit rating proper where applicable regulations provide that service ratings shall be considered in determining the order of furloughs?

2. Is the action of the Secretary of Labor and Industry in furloughing an employee of the unemployment compensation division, who is an honorably discharged veteran of the United States Army, while retaining other employees in the same position who are not such veterans, a violation of the acts of assembly providing for preference of public employees who are war veterans?

(1) The first question is not properly before us in this appeal for two reasons: (a) Because appellant was not furloughed solely on the basis of seniority, but because he was lowest on the eligible list. As explained by Mr. Mason, the Field Supervisor, at the hearing on the appeal before the board, "The furlough was necessitated by reduction in the budget due to lack of funds, by the Social Security Board in Washington. At the time of the furlough there were sixteen principal clerks employed ...... The budget for the period in question deleted one principal clerk from that list. The appellant was furloughed in line with the policies that such furloughs follow either the inverse order of ap-

pointment, or where the existence of more than one position [on] the date of appointment was the same, in the inverse order of their standing on the list of eligibles. Mr. Jones in this instance was No. 28 on that list and was the lowest in rank of those appointed. They were all appointed the same day". (b) The question was not raised in the Reasons for Appeal filed by the appellant and was not presented to the board on the appeal. No evidence was offered or produced before the board respecting the regulations or rules said to have been prepared under section 208 (r), governing the administration of the provisions of section 208, or the service ratings or merit ratings said to be provided for thereunder. The alleged rules or regulations were not mentioned at the hearing before the board and they are not included in the record before us. The first mention of them appears in the appellant's brief. Where he obtained them we do not know. He did not find them in the record of proceedings before the board. The reason for appeal assigned by the appellant which relates most nearly to the question was the third, "My furlough is a violation of the principle of efficiency in that other principal clerks, inefficient and not suited for the position, were retained." And this ground he was not able to substantiate. In fact, he admitted at the hearing (notes of testimony, p. 5), "I cannot prove that."

It is well settled that we will not reverse a lower court or an administrative board on a ground or reason not presented below, except where a lack of jurisdiction appears. See *Montgomery Co. Bar Assn. v. Rinalducci,* 329 Pa. 296, 197 A. 924; *Middletown Borough v. Penna. Public Utility Comm.,* 143 Pa. Superior Ct. 444, 17 A. 2d 904.

(2) We come then to the second question involved, which is concerned with section 208(f) of the Unemployment Compensation Law as amended by Act of May 18, 1937, P. L. 658, and the Act of April 12, 1939, P. L. 27.

The Unemployment Compensation Law, as originally enacted, gave no preference to war veterans in the ratings obtained by them on competitive examinations for appointment to the civil service provided for by the act. But by the amendment of May 18, 1937, P. L. 658, to section 208(f) this was changed by adding the following proviso: "Provided, however, That in the final rating of all applicants persons who were engaged in the military or naval service of the United States during any war in which the United States was engaged, and who have an honorable discharge from such service, shall receive, in addition to all other ratings, an additional five per centum, and any such person who shall have been disabled by wounds or in any other manner while engaged in such service (so long as he is able to perform the work of the employment for which he is examined), and who shall submit satisfactory evidence to the board that such disability was received while engaged in such service, shall be rated an additional five per centum over and above the five per centum hereinbefore set forth, and in either case, the total per centum mark or grade thus obtained shall determine the order of standing of such persons on any list of eligibles."

This proviso was, of course, subject to the ruling of the Supreme Court in *Com. ex rel. Graham v. Schmid,* 333 Pa. 568, 3 A. 2d 701, which held that such a preferential rating in favor of war veterans with respect to competitive civil service appointments can only be constitutionally applied to such veterans as have, without the preferential credit given by the statute, passed the required examination and thus have shown that they possessed the minimum qualifications deemed necessary to perform the duties involved. See also, *Carney et al. v. Lowe et al.,* 336 Pa. 289, 9 A. 2d 418.

It is admitted that appellant got the full preferential credit on his rating which the amendment of 1937 directed him to have. Because of it his final rating was

five per centum higher than it otherwise would have been, and he got the benefit of this preference not only as respects his *appointment* to the position of principal clerk, but also as respects his *liability to furlough,* for if any clerk, not a war veteran, had had an equal rating with the appellant, apart from the five per centum allowed appellant for his war service, the other, rather than appellant, would have been furloughed.

But appellant claims exemption from furlough by virtue of the Act of April 12, 1939, P. L. 27. That act was merely an amendment of the Act of May 19, 1887, P. L. 132 (No. 75), the title to which was "An Act to give preference of appointment or employment to honorably discharged soldiers, sailors or marines, who fought for the Union in the late war of the rebellion." The purpose of the amendment was (1) to add 'nurses' to the favored classes of 'soldiers, sailors and marines'—although, strange to say, the word 'nurses' does not appear in the amended *title*—and (2) to extend its provisions to those engaged in other wars than the war of the rebellion.

Section 1 of the statute—the declaratory or remedial section—provided, "That in every public department and upon all public works of the State of Pennsylvania, honorably discharged soldiers . . . . . . shall be preferred for appointment and employment."

It was not made applicable *in terms* to appointments to the *civil service* made pursuant to competitive examinations, and without some provision, relative to the percentage to be allowed those who have passed the examination for war service, added in order to conform to the principles announced in *Com. ex rel. Graham v. Schmid,* supra, and *Carney et al. v. Lowe et al.,* supra, it is difficult to see how it could constitutionally be applied to appointments in the civil service made as the result of competitive examinations.

Overlooking this, appellant contends that the provision in the Act of April 12, 1939, "That in every pub-

lic department and upon all public works of the State of Pennsylvania, honorably discharged soldiers ...... shall be preferred for *appointment and employment"* entitled him to be *continued* in his appointive position *without furlough* in preference to all other clerks who are not war veterans.

When the Act of May 19, 1887, P. L. 132, was passed —of which the Act of April 12, 1939 is only an amendment—there were no civil service positions in the State government to be filled by competitive examinations, so such positions were not within the contemplation of that act. The use of the terms "appointment" *and* "employment" in both that act and its amendment— in their titles they appear in the disjunctive—was clearly correlative to the two branches of public service previously mentioned to which they were applicable, viz., "every public department" and "all public works"; the term "appointment" being specially related or applicable to "every public department" in which persons might be appointed to positions, and the term "employment" being specially related or applicable to "all public works" on which persons might be employed; and both phrases were used so that opportunities for departmental place or for labor on state work, whether filled by *appointment* to governmental positions or by *employment* on public works, would come within the provisions of the statute. The term 'employment' was not used in the act in the sense contended for by appellant, of *continuing* the appointee in his position. The title to the act supports this view. The words there used are "appointment or employment".

Furthermore, had there been any thought or purpose to extend the Act of April 12, 1939 to appointments to the civil service based on competitive examinations, the amendment would have said so; just as was done in section 208(f) by the Act of May 18, 1937, P. L. 658, and by the general Act of June 27, 1939, P. L. 1198, which became effective January 1, 1940, after appel-

lant's furlough; and neither of those acts uses the word 'employment', for they did not relate to "public works" on which men might be "employed"; nor does either give any preferential treatment to a soldier after his appointment to his position other than is obtained by his rating, which includes the preferential per centum added because of his war service. The benefit of such preferential treatment is confined to the additional percentage given the veteran who has passed the required examination by according him a higher rating on the eligible list than he otherwise would have had, which rating is also considered in determining the order of furlough. The appellant was given the benefit of those provisions in section 208(f), as amended, in the increased rating which permitted his appointment to the position of principal clerk, and would have saved him from furlough at this time had one of the other clerks had a lower rating than he had.

Our view is in accord with the Statutory Construction Act of May 28, 1937, P. L. 1019, section 63, which provides that where a general provision in a law shall be in conflict with a special provision in the same or another law and the conflict is irreconcilable, the special provision shall prevail unless it be the manifest intention of the Legislature that the general provision should prevail. We think it clear that the Legislature did not intend to make the provisions of the amending Act of April 12, 1939, applicable to appointments in the civil service made after competitive examinations.

We have carefully read the record in this case, including the very satisfactory findings, decision and order of the board dismissing the appeal, and we find no reversible error therein.

The decision of the board is sustained and the order dismissing the appeal is affirmed.