## Veterans' Preference

KANE, Attorney General, June 15, 1976—We have received a request for a clarification of the veterans' preference, Chapter 71 of the Military Code, Act of August 1, 1975, P.L. 216 (No. 92), 51 Pa.C.S. §7101, et seq., which became effective January 1, 1976. Specifically, we have been asked under what circumstances veterans may receive point preference in civil service examinations. You are hereby advised that the ten-point preference contained in the code is to be accorded for employment examinations, *not* promotion examina-

tions, and that no preference may be accorded veterans until after the examinations are graded and the veteran has achieved a passing score.

Chapter 71 of the Military Code is, by its terms, the exclusive law in Pennsylvania granting preference to soldiers in appointment to, or promotion in, public employment with the Commonwealth and its political subdivisions: 51 Pa.C.S. §7109. This code codified and was derived from previous veterans' preference statutes. Section 7103(a), Additional points in grading civil service examinations—Commonwealth examinations, is derived from the Act of May 22, 1945, P.L. 837, 51 P.S. §492.3 (repealed) and §7103(b). Additional points in grading civil service examinations—Municipal examinations, is derived from the Act of May 11, 1923, P.L. 203, 51 P.S. §486 (repealed).[1] A portion of 51 P.S. §492.3 and of the Act of June 23, 1931, P.L. 932, art. XLIV (repealed), the operative provisions of which are identical to those of the repealed Act of 1923, 51 P.S. §486,[2] were declared

1. Proposed Military Code with Source Note and Comments, Joint State Government Commission, May 1975.

2. 51 P.S. §486 provided: "When any such person shall take any examination for appointment or promotion in the civil service of any of the various municipal agencies within this Commonwealth, as required by any existing law or any law which may hereafter be enacted, such person's examination *shall be marked or graded fifteen per centum perfect before the quality or contents of the examination shall be considered. When the examination of any such person is completed and graded, such grading or percentage as the examination merits shall be added to the aforesaid fifteen per centum, and such total mark or grade shall represent the final grade or classification of such person and shall determine his or her order of standing on the eligible list.* 1923, May 11, P.L. 203, No. 150, §2."

Act of June 23, 1931, P.L. 932, art. XLIV, sec. 4405, provided:

unconstitutional by the Pennsylvania Supreme Court.

In Commonwealth ex rel. Maurer v. O'Neill, 368 Pa. 369, 83 A. 2d 382 (1951), the Supreme Court held that 51 P.S. §492.3 was unreasonable and class legislation insofar as it attempted to grant veterans a ten-point preference on *promotion* examinations. The court, while allowing that a preference in hiring examinations for veterans may be legal, held that such a preference in a promotion examination overstated the value of military training and "goes beyond the scope of the actual advantages gained in such service."

In Commonwealth ex rel. Graham v. Schmid, 333 Pa. 568, 3 A.2d 701 (1938), the court reviewed those provisions of a former veterans' preference act, reenacted in the present code as section 7103(b), which provided that veterans were to be "marked or graded fifteen per centum perfect before the quality or contents of the examination shall be considered." After upholding the validity of veterans' preferences in general, the Supreme Court stated, 333 Pa. at 579-80, 3 A. 2d at 706-707:

"When any person who was engaged in the military or naval service of the United States during any war in which the United States engaged, and has an honorable discharge therefrom, shall take any examination for appointment or promotion, his examination *shall be marked or graded fifteen per centum perfect before the quality or contents of the examination shall be considered. When the examination of any such person is completed and graded, such grading or percentage as the examination merits shall be added to the aforesaid fifteen per centum, and such total mark or grade shall represent the final grade or classification of such person and shall determine his or her order of standing on the eligible list."*

*Emphasized portions of the above two statutes are identical.*

"A provision granting veterans a lower passing grade than other candidates, or, what is an equivalent provision, a credit to veterans of a specific number of points aiding them in passing an examination, is in parity with exemption from examination; these provisions will be held unconstitutional as not providing a reasonable relation between the value of military training and its appraisal in public employment. They give undue weight to military service and violate the constitutional provisions against class legislation and special privilege.

". . .

"We do not hold that no credit can be given to veterans *who have passed examinations* in addition to the preference when on the original list, but the present grading is given to those who do not pass the examination . . . The preference feature is otherwise sustained as constitutional, while the fifteen percent provision is held illegal." (Emphasis in the original).

This principle, that a credit to veterans of points to aid them in passing civil service examinations is unconstitutional, was reaffirmed by the Supreme Court in Carney v. Lowe, 336 Pa. 289, 9 A. 2d 418 (1939). The court there held again that a veteran's preference was "unconstitutional if it permitted veterans to qualify under less rigorous standards than those prescribed for other applicants.": 336 Pa. at 293, 9 A.2d at 420.

Does the legislature's reenactment of these two sections, previously declared unconstitutional by the Supreme Court, have the effect of giving them new validity? Simply put, no. It is established beyond peradventure that the legislature cannot

make constitutional that which has been judicially declared unconstitutional merely by repassage. "The bare legislative reenactment of an unconstitutional statute cannot serve to invest the statute with constitutionality.": Am. Jur., Statutes, §342, p. 483. Such reenactment by the legislature is subject to the same objections which caused the Supreme Court to invalidate the former statutes.

The Statutory Construction Act of December 6, 1972, P.L.1339, provides:

"[t]hat when a court of last resort has construed the language used in a statute, the General Assembly in subsequent statutes on the same subject matter intends the same construction to be placed upon such language.": 1 Pa.C.S. §1922(4).

Thus, reenactment continues the prior law, including all judicial construction thereof. Consequently, the two provisions in question are still unconstitutional. See Lock Estate, 431 Pa. 251, 244 A. 2d 677 (1968); In re Buhl's Estate, 300 Pa. 29, 150 Atl. 86 (1930).

In conclusion, it is our opinion, and you are hereby advised, that section 7103(a) of the Military Code, providing a ten-point preference to veterans who successfully pass an examination, is invalid as applied to *promotion* examinations and is not to be followed. Moreover, it is our opinion, and you are hereby advised, that the provision of section 7103(b) of the Military Code, which provides that a veteran's examination "shall be marked or graded fifteen per centum perfect before the quality or contents of the examination shall be considered," is unconstitutional and is not to be administered. Any additional point preference in the administration of veteran's preference must be given after the examinations are graded and the veteran has achieved a passing score.