**RAQUEL AMANTHA BEVANS, a Minor,
by Lugenia Brenda Bevans, her mother,
and Howard Jean Bevans, her father**

# Fam. No. 107/1977
# Territorial Court of the Virgin Islands

### Div. of St. Thomas and St. John

# March 28, 1977

FEUERZEIG, *Judge*

### MEMORANDUM AND ORDER

Raquel Amantha Bevans, through her mother, Lugenia Brenda Bevans, and her father, Howard Jean Bevans, has filed a Petition pursuant to 16 V.I.C. §§ 181 and 182 for a change of name.

Raquel Amantha Bevans was born on October 28, 1976, and thus is not yet five months old. The Petition is accompanied by a Motion for Relief from Publication and prays that the Court dispense with any requirement for publication in a newspaper of general circulation. The petitioner's parents contend that they "cannot afford to pay the high costs of publication in a newspaper of general circulation." In lieu thereof, the parents ask that the Petition be posted at the District Courthouse in St.

Thomas, the Territorial Courthouse in St. Thomas, and the U.S. Post Office, Dronningens Gade, St. Thomas, Virgin Islands.

The outcome of this motion must be determined by the Virgin Islands law relating to change of name, specifically, 16 V.I.C. § 182 which provides:

Before adjudging a change of name, except as provided in Chapter 5 of this title, the court shall require *public notice of the application* therefor to be given that all persons may appear and show cause, if they have any, why the same should not be granted. The court shall also require *public notice* to be given of the change adjudged, and on return of proof thereof, may grant a certificate, under the seal of the court, of the name the party is to have, and which shall thereafter be his legal name, and a copy thereof shall be furnished the local registrar of vital statistics. If the child has been baptized in the Virgin Islands, the proper church official shall also be notified of such change of name. (Emphasis added.)

■■■■ Consequently, this decision must turn on an interpretation of the meaning of "public notice." As a general rule, when a statute requires notice to be given, and a specific mode of giving notice is prescribed by statute, that means is the exclusive means to be utilized. In re Yeany, 200 N.E.2d 813, 815 (Cty. Ct. App. Ohio 1962). However, where a statute contains no provision as to notice, the Court may, by its rules, prescribe the method of giving public notice. Cf. Guthrie National Bank v. Guthrie, 173 U.S. 528, 539, 43 L.Ed. 796, 800, 19 S.Ct. 513 (1899). Moreover, where the statute makes no provision for notice or merely provides generally that notice shall be given, such requirements are liberally construed. Yuma County v. Arizona Edison Co., 63 Ariz. 332, 180 P.2d 868, 870 (1947). In the absence of express provisions, the form and content of a notice required by a statute are dependent upon the wording of the statute construed in light of the statute's intent and purpose. Trantz Equipment Co. v. Anderson, 37 N.J. 420, 181 A.2d 499, 505 (1962).

The Virgin Islands statute does not define public notice. Public notice, however, has been defined to mean reasonable notice to the public as distinguished from personal notice. Moreover, it frequently has been held that a public notice requirement is satisfied where there has been notice by publication in a newspaper of general circulation. See, e.g., In re Moody's Estate, 115 Vt. 1, 19 A.2d 562, 570 (1946); Catholic Order of Foresters v. State, 67 N.D. 228, 271 N.W. 670, 676 (1937).

This is a case of first impression in this jurisdiction and the court has been unable to find any decided case interpreting a similar statute. Consequently, the court must determine whether the public notice requirement can be satisfied by something less than publication in a newspaper of general circulation. It has been held that where a statute required publication at least once a week for two consecutive weeks, the requirement was not satisfied by publication one week with one date for a hearing and publication the next week with a different date for a hearing, even though this was accompanied by the posting of notices in the courthouse. Louisville and Jefferson County Planning and Zoning Commission v. Ogden, 307 Ky. 362, 210 S.W.2d 771 (1948). At the same time, where a statute required publication in a newspaper for three weeks or posting where no paper is circulated in the city, posting was deemed sufficient to satisfy the statute where there was no proof that a paper circulated in the city. Medina v. Rose, 69 Wash.2d 448, 418 P.2d 462 (1966). See 15 V.I.C. § 496. Of course, the facts in Ogden and Medina are distinguishable from those at issue here.

■ A review of other Virgin Islands statutes regarding public notice convinces this court that in appropriate circumstances the Court has the power to permit something less than publication in a newspaper. Where the Legislature has believed it necessary to require public notice by

publication in a newspaper it has said so and said so clearly. See, e.g., 5 V.I.C. § 112, Civil Procedure, Substituted service by publication; 9 V.I.C. § 34(c), Banking, Publication of certificate; 15 V.I.C. § 123, Escheats, Commencement of action; 15 V.I.C. § 391, Estate Claims, Publication of notice of administration; 15 V.I.C. § 496, Sale of Property, Service of citation; 15 V.I.C. § 917, Guardians and Wards, Service of order on next of kin; § 919, Notice of time and place of sale; § 920, Sale of ward's real property; § 921, Requirement on sale by foreign guardian; 16 V.I.C. § 143, Adoption, Notice to non-consenting parents; 18 V.I.C. § 5, Elections, Publication of notices and § 96(c), Notice of registration; 19 V.I.C. § 2033, Unfit Dwellings, Procedures; 28 V.I.C. § 684, Unclaimed Property, Notice to owner; 29 V.I.C. § 593(g), Community Development and Renewal, Disposal of property for uses in accordance with plan; and 31 V.I.C. § 236, Procurement and Sale, Contract procedure.

In particular, each of these statutes requires a notice and in certain circumstances that notice must be by publication. One statute is particularly illuminating and demonstrates that the Legislature was convinced that public notice can be satisfied by means other than by publication in a newspaper.

Pursuant to 15 V.I.C. § 496, service of citation upon heirs or devisees who are unknown or non-residents

shall be served by publication or posting or both, for not less than four weeks, or for such further time as the Court may prescribe. When service is had by posting, the citation shall be posted at not less than three public places within this Territory, one of which shall be the post office nearest the place where the decedent resided at the time of his death. When service of the citation is made by publication or posting, there shall be given with it a brief description of the property described in the petition.

It is interesting to note that 15 V.I.C. § 496, as well as 16 V.I.C. § 182, are based upon the 1921 codes. Consequently,

it is reasonable to conclude that when the Code was enacted on May 16, 1957, the Legislature had in mind the different means by which public notice could be accomplished and that public notice could be accomplished either by publication or posting, or both in the Court's discretion.

■ As a result, this Court believes that publication in appropriate cases may be required under 16 V.I.C. § 182, but that each request for a change of name must be considered in light of the specific facts before the required form of public notice is determined.

■■ Given the fact that the petitioner was born on October 28, 1976, and that only a change of the infant's middle name is sought, publication in a newspaper would serve no useful purpose and public notice as required by 16 V.I.C. § 182 can be satisfied by posting as is required by 15 V.I.C. § 496. Where a mature adult seeks a name change, and the rights of creditors are in question, the Court will have to look at all the facts and circumstances to determine whether publication in a newspaper is to be required.

However, in the instant case the Court believes that public notice, as 16 V.I.C. § 182 requires, can be accomplished by posting of notice of application for a name change.

Accordingly, it is this 28th day of March, 1977

ORDERED that petitioner's motion for relief from publication be and the same hereby is GRANTED, and it is further

ORDERED that public notice of the application for a name change of the petitioner Raquel Amantha Bevans be given by posting the same at the District Courthouse, St. Thomas, Virgin Islands, the Territorial Courthouse, St. Thomas, Virgin Islands, and the post office nearest the place of residence of the petitioner for not less than four weeks, said notice to state that all persons may appear and

show cause, if they have any, why this application should not be granted.