[S. F. No. 10414.  In Bank.—January 5, 1923.]

C. L. JONES, Petitioner, v. JOHN J. O'TOOLE et al., Respondents.

[1] MUNICIPAL CORPORATIONS — SAN FRANCISCO — PROMOTIONAL EXAMINATIONS FOR POLICE AND FIRE DEPARTMENTS—CREDIT TO VETERANS—POWER OF COMMISSION.—Under the amendment to the charter of the city and county of San Francisco ratified by the legislature on January 13, 1921, providing in the case of promotional examinations for positions in the police and fire departments a credit of three points shall be allowed to veterans and widows of veterans who were married to such veterans on or before November 11, 1918, who shall have been in the city and county service prior to July 1, 1920, the Civil Service Commission has the power to add three per cent to the rating on the eligible list of a patrolman who was a veteran of the war of 1917.

[2] ID.—MANDAMUS — RULE OF COMMISSION — PRESUMPTION.—In a proceeding in mandamus attacking the validity of an order of the Civil Service Commission of San Francisco adding three per cent to the rating of a veteran under authority of charter amendment, it will be presumed, in the absence of an allegation to the contrary, that the commission made a rule to that effect before making the order, and an allegation that the action was taken unlawfully and in violation of the rights of the petitioner is not such a contrary allegation, but a mere conclusion of law.

[3] ID.—ALLOWANCE OF CREDIT — VETERANS ON EXISTING ELIGIBLE LIST.—Under the amendment to the charter of San Francisco allowing veterans a credit of three points in promotional examinations for positions in the police and fire departments, veterans on the eligible list prior to the amendment are entitled to receive such credit without a new examination.

APPLICATION for a Writ of Mandate to compel restoration to proper rank on eligible list of patrolmen.  Denied.

The facts are stated in the opinion of the court.

Andrew F. Burke for Petitioner.

George Lull and Maurice T. Dooling, Jr., for Respondents.

Wm. P. Golden, *Amicus Curiae.*

SHAW, C. J.—This is a proceeding in *mandamus* to compel the respondents, as members of the Civil Service Commission of the city and county of San Francisco, to restore the petitioner to his alleged proper rank on the eligible list of patrolmen eligible for promotion to the position of corporal in the police department and to certify him to the police commission of said city and county of San Francisco for promotion to the position of corporal in the police service of said city.

The Board of Civil Service Commissioners, on August 3, 1920, made a list of persons eligible for promotion to the office of corporal in the police service, ranking them on such list in the order of their relative excellency. James Casey, then a patrolman in the employ of the city, had a rating on said list, at that time, less than that of C. L. Jones. Jones was number 29 thereon and Casey was number 31 thereon. On September 12, 1922, the Civil Service Commission, on ascertaining that he was a veteran of the war of 1917, added three per cent to the rating of Casey thereon, thereby raising his percentage to an amount greater than that of the petitioner. It is this action that the petitioner seeks to have canceled.

An amendment to the charter was ratified by the legislature on January 13, 1921 (Stats. 1921, p. 1797), which provides as follows: Section 22:

"The Civil Service Commission shall by rule establish preference for veterans as follows: In the case of entrance examinations to establish eligible lists in the Police and Fire Departments, veterans who become eligible for appointment by attaining the passing mark established for the examination, and whose service as veterans exceeds three months, shall be classified on such eligible lists in the relative order of the individual ratings attained, and ahead of all non-veterans passing such examinations, and shall be eligible for appointment on the basis of such order of standing on such eligible lists. This preference shall expire five years after the ratification of this amendment.

"In the case of all other entrance examinations, veterans with thirty days or more of service, and widows of veterans who were married to such veterans on or before November 11, 1918, who become eligible for appointment by attaining

the passing mark established for the examination, shall be allowed an additional credit of five points, which shall be added to the percentage attained in such examinations by such veterans, and they shall be placed on eligible lists and be eligible for appointment in the order and on the basis of the percentages attained by them in examinations after such credit of five points shall have been added. All ties shall be decided in favor of veterans; provided, however, in. the case of promotional examinations a credit of three points shall be allowed to veterans and widows of veterans who were married to such veterans on or before November 11, 1918, who shall have been in the City and County service prior to July 1, 1920.''

The Civil Service Commissioners, in undertaking the action which they did, were assuming to act under the provisions of said amendment, and added three per cent to the rating of Casey on account of the fact that he was a veteran of the late war and was already employed as a patrolman.

[1] We think from the provisions of the charter that they had the power to do this. Section 7 of article XIII of the charter of the city and county has the following provision:

''From the returns of the examiners, or from the examinations made by the Commissioners, the Commissioners shall prepare a register for each grade or class of positions in the classified service of the City and County of the persons whose general average standing upon examination for such grade or class is not less than the minimum fixed by the rules of the Commissioners, and who are otherwise eligible. Such persons shall take rank upon the register as candidates in the order of their relative excellence, as determined by examination, without reference to priority of time of examination.''

The only allegation concerning the manner in which the Civil Service Commission carried out this provision of the charter is that about September 12, 1922, ''under the assumed authority of said Section 22 of Article XIII of said Charter, but unlawfully and in violation of the rights of the petitioner and of said F. X. Latulipe, A. L. Christiansen, and H. H. Ludolph, added three per cent to the percentage secured by said James Casey on his examination as hereinbefore alleged, and thereupon credited said Casey

with a percentage of 84.54 per cent, and raised his rank on said register above that of each of the other persons named in paragraph 4 hereof, and gave to said Casey a rank of number 16½ on said register."

[2] This would all be in strict accordance with section 22 aforesaid, provided the commissioners had made a rule that they would carry out the said amendment in that manner. The making of a rule to that effect would seem to be almost a superfluity if the amendment embodied in section 22 furnishes rule enough. It declares that said credit shall be given to veterans asking for promotion, and gives the commission no power to refuse. But, however that may be, official duty is presumed to have been performed, and as there is no allegation that they did not make a rule to that effect, nor any argument based on the fact that they did not do so, before taking the action alleged, it will be presumed that they did so. The allegation that they assumed to act under section 22 must be taken in connection with the presumption that they made the rule preceding their action. There is no return made by the Civil Service Commission, but it has presented the case to this court upon a demurrer to the petition. Hence, all the legal steps which they are required to take prior to their making the order complained of will be supposed to have been taken, except in so far as the petition denies that they have taken them. The allegation in the petition that the action was taken "unlawfully and in violation of the rights of the petitioner" is nothing more than a conclusion of law, and does not add anything to the force of the allegation. [3] It was said in support of the contention of the petitioner that the amendment is not retroactive and that it was ineffectual to deprive him of his supposed right of preference by reason of being on the eligible list before the amendment was adopted.

This is not the giving of a retroactive effect to the amendment, but is merely making it take effect at once upon its adoption. Accordingly, the persons whose percentage is thus raised should be given rank upon the register according to their new percentage, and this is what the commissioners did. We can see nothing unlawful in this action. It would be a proper and right construction of the amendment that it was intended to give the veterans on the existing register

who had not been given the percentage allowed thereby, to receive it at once and enter the same upon the old register, in which event they would have their rating increased accordingly. They would then come under the provision that they take rank upon the register "without reference to priority of time of examination," as provided in section 7 aforesaid.

There may be a vested right in an office, once the appointment is received, but the petitioner was not vested with any right, which an amendment to the charter could not take away, by virtue of having his name placed on the register prior to the appointment.

The demurrer to the petition is sustained and the petition for a writ of mandate is denied.

Lennon, J., Waste, J., Ward, J., and Lawlor, J., concurred.

WILBUR, J., Concurring.—I concur.

Section 8 of article XIII of the charter deals with the question of promotion, and is as follows:

"The Commissioners shall provide for promotion in the classified service on the basis of ascertained merit and standing upon examination; and shall provide, wherever practicable, that vacancies shall be filled by promotion. All examinations for promotion shall be competitive among such members of the next lower rank, as established by the Commissioners, as desire to submit themselves to such examinations. The Commissioners shall submit to the appointing power the names of not exceeding three applicants having the highest rating for each promotion."

Section 22 of article XIII of the charter, relating to preference to be given to veterans upon entrance examinations, contains the following:

"All ties shall be decided in favor of veterans; provided, however, in the case of promotional examinations a credit of three points shall be allowed to veterans and widows of veterans who were married to such veterans on or before November 11, 1918, who shall have been in the City and County service prior to July 1, 1920."

Assuming that section 4 and section 7 of article XIII apply to applicants for promotion and that the commis-

sioners are required to prepare a register "for each grade or class of positions in the classified service of the City and County of the persons whose general average standing upon examination for such grade or class is not less than the minimum fixed by the rules of the Commissioners, and who are otherwise eligible," and that "Such persons shall take rank upon the register as candidates in the order of their relative excellence, as determined by examination, without reference to priority of time of examination," the question submitted for our decision is whether the relative rank of candidates upon the register can be altered without an entirely new examination, wherein all the candidates upon the register receive the credit given on said examination and the veterans taking such examination are allowed three per cent in addition thereto.

Of course, it might be true that by the holding of a new examination the relative position of eligible candidates upon the register might be changed and that veterans so examined might lose sufficient credits upon the examination to offset the credit given to them as veterans. It is clear, however, that the Civil Service Commission, in giving the credit to veterans upon the eligible list on the register, has provided "for promotion in the classified service on the basis of ascertained merit and standing upon examination" within the meaning of the charter as amended, which provides a new method of ascertaining the merits of candidates, namely, by giving a credit of three per cent to veterans.