Simmler, Appellant, *v.* Philadelphia et al.

Argued November 23, 1937; reargued January 26, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Herbert Welty,* with him *Fred C. Gartner,* for appellant.

*James Francis Ryan,* Assistant City Solicitor, with him *Joseph Sharfsin,* City Solicitor, for appellees.

OPINION BY MR. JUSTICE STERN, March 21, 1938:

Plaintiff, William Simmler, prayed the court below for a writ of alternative mandamus directed to the Mayor and the Director of the Department of Public Safety of the City of Philadelphia to show cause why they should not reinstate him in the position of deputy chief engineer of the Bureau of Fire. Defendants filed a return, to which plaintiff demurred. The court overruled the demurrer. Plaintiff appeals.

Simmler served in the Bureau of Fire for over thirty years. He was appointed as a hoseman in 1905, was promoted to the rank of lieutenant in 1912, to a captaincy in 1916, to be a battalion chief in 1921, and to the position of deputy chief engineer in 1931. In 1936 the Director of Public Safety requested his resignation. Upon his refusal to give it, the director preferred charges against him and he was tried before the Civil Service Commission. That body found him not guilty and directed his reinstatement. Instead of reinstating him, the director gave him notice of the same charges as those previously made against him and some additional ones, and that he was to be demoted from the position of deputy chief engineer at a salary of $4,500 a year to the position of hoseman at a salary of $42 a week. Six days later he was notified that the demotion was in effect. The position of deputy chief engineer is next to the highest in the bureau, that of hoseman the lowest.

The court below thought it was obliged to follow the doctrine enunciated in *McCoach v. City of Philadelphia*, 273 Pa. 317, that the director could demote a policeman or fireman merely by giving him a written statement of his reasons for such action, without the requirement of any hearing by the commission.

Article XIX, section 18, of the Act of June 25, 1919, P. L. 581, provides: "No officer, clerk, or employee in the classified civil service of such city [of the first class] shall be removed, discharged, or reduced in pay or position, except for just cause, which shall not be religious or political. Further, no such officer, clerk, or employee shall be removed, discharged, or reduced, . . . until he shall have been furnished with a written statement of the reasons for such action, and been allowed to give the removing officer such written answer as the person sought to be removed may desire. . . .

"No police officer or fireman, . . . shall be removed or discharged, except for cause, upon written charges, and after an opportunity to be heard in his own defense. Such charges . . . shall . . . be heard, investigated, and determined by the commission [civil service commission]. . . . The hearing shall be public, and the accused and his counsel shall have the right to be heard.

"The finding and decision of the commission . . . shall be certified to the appointing authority, and shall be forthwith enforced by such authority."

In the *McCoach* case, charges were preferred against a captain of police in Philadelphia. *They were heard by the Civil Service Commission,* which sustained some of them and ordered his demotion to the rank of lieutenant. The director enforced this order, whereupon McCoach petitioned for a writ of mandamus for reinstatement in his former position. The court below, holding that the findings of the commission were based upon irrelevant evidence, granted his petition. This court reversed. Its decision was correct, because the court below had no right, in mandamus proceedings, to review

the exercise of the discretion vested in the Civil Service Commission and collaterally to set aside its findings: *Crofut v. City of Philadelphia,* 2 D. & C. 459, affirmed per curiam, 276 Pa. 366; *Souder v. Philadelphia,* 305 Pa. 1, 7, 8. Even had such a review been permissible, there was abundant evidence before the commission to support its finding of guilt. The opinion of the Supreme Court, instead of basing its decision upon these grounds, asserted the proposition—not raised in the court below nor suggested or argued by counsel on appeal—that the hearing before the Civil Service Commission was not necessary under the provisions of the act, and that a policeman or fireman could be demoted by the director at will. With this view of the law we are not in accord.

It must be admitted that the phraseology of the statute is lacking in clarity. Defendants argue, with considerable justification, that, since the first paragraph of section 18 provides generally in the case of employees in the classified civil service that they may be "removed, discharged or reduced in pay or position" by being furnished with a written statement of the reasons therefor, whereas the succeeding paragraph provides that police officers and firemen may be "removed or discharged" (omitting the words "reduced in pay or position") only after a hearing by the commission, the legislature apparently intended the necessity for such a hearing to be confined to removals and discharges as distinguished from reductions, and that the word "removed" does not include "reduced." Plaintiff, on the other hand, argues, with at least equal force, that since a hearing is required in cases where a policeman or fireman is "removed or discharged," both of these words would not have been used had the legislature deemed them to be synonymous, and that some other, presumably milder, signification must be attributed to the word "removed" than to the word "discharged."

In view of this ambiguity of language it is highly important, as indeed in all cases of statutory construction, to seek the general design of the statute, and, so far as judicially possible, to render it practically effective in accordance therewith. So viewed, one can scarcely escape the conclusion that the legislature, which obviously sought to protect police officers and firemen in their positions far more securely than other civil service employees, could not have intended to leave open so wide a door for the frustration of this laudable purpose. In the present case the action of the director, following his original unsuccessful attempts to obtain plaintiff's resignation and thereafter to have him discharged by order of the Civil Service Commission, was plainly intended and calculated, through a drastic and humiliating demotion, to bring about the separation of plaintiff from the service, and it was practically equivalent to a discharge in defiance of the findings and decision of the Civil Service Commission. To construe the statute so as to permit such action would be to destroy every semblance of protection which the act was manifestly designed to secure.

The exact question involved is whether the term "removed" means from the *service* or from the *position*. Uniformly, in other jurisdictions, the latter is the meaning ascribed to it as used in such statutes: *State v. Board of Commissioners of New Orleans,* 161 La. 361, 108 So. 770; *Kennedy v. Board of Education,* 82 Cal. 483, 22 Pac. 1042; *Lotts v. Board of Park Commissioners of Los Angeles,* 13 Cal. App. (2d) 625, 57 Pac. (2d) 215; *Michaelis v. Board of Fire Commissioners of Jersey City,* 49 N. J. L. 154, 6 Atl. 881; *State v. Mayor of Jersey City,* 53 N. J. L. 118, 20 Atl. 831; *People v. Board of Education of New York,* 79 N. Y. Supp. 624, affirmed 174 N. Y. 169, 66 N. E. 674; *McCarthy v. Steinkellner,* 223 Wis. 605, 270 N. W. 551. In the last named case the court tersely said: "When an assistant chief is 'reduced in rank' he is demoted, and when he is de-

moted he is *removed from his position.* . . . Removal from position, whether by demotion or discharge, can be effected in no other way [than by a trial before the board of commissioners]." All these cases hold, in substance, that a reduction in pay or position is a removal, and therefore cannot be effected by one whose powers to "remove" an employee are limited by such legislation.

It requires but momentary reflection to realize that demotion from a higher to a lower office actually embraces two operations—a *removal* from the position held, and an *appointment* to the lower position. Being demoted, therefore, necessarily involves being "removed" from the position previously occupied. The word "removed" itself commonly connotes change from one place or station to another. Thus, in legal phraseology the "removal" of a cause means, not its dismissal, but its transfer from one court to another. One of the dictionary meanings of "removal" is "transference to another office": Murray's New English Dictionary.

Guided, therefore, by consideration of the likely intent of the legislature, the spirit and apparent purpose of the act, the practical efficiency of its operation, and the meanings ascribed to the word "removed" by lexicographers, we are brought to the conclusion that according to the proper construction of Article XIX, section 18, of the Act of 1919, the word "removed" is there used as including any separation from the *position* held by the incumbent, whether by way of temporary suspension, as in *Goldberg v. Philadelphia,* 279 Pa. 356, or by transference to another position as in the present case, and that, therefore, a demotion in the rank of a fireman or policeman is a removal which can be effected only as the result of a hearing and order by the Civil Service Commission. It follows that the action of the Director of Public Safety in the present case was invalid.

It may be added that while defendants, in their answer to plaintiff's petition for the writ of alternative mandamus, alleged that the action of the Commission

was arbitrary and an abuse of its judicial discretion, no facts or reasons were presented to support that assertion.

The order of the court below overruling plaintiff's demurrer to the return of defendants to the writ of alternative mandamus is reversed, and the record is remitted with directions to sustain the demurrer and to make an order reinstating plaintiff in the position from which he was unlawfully removed.