Commonwealth ex rel. Maurer, Appellant, *v.* O'Neill.

370

Argued January 2, 1951. Before Drew, C. J., Stern, Stearne, Jones, Bell, Ladner and Chidsey, JJ.

*Lewis R. Linet* and *J. H. Brennan*, with them *Robert I. Morris* and *Brennan and Brennan*, for appellants.

*Hyman A. Guth*, with him *Fred C. Gartner*, for appellees.

*Walter E. Alessandroni*, for The American Legion, Pennsylvania.

OPINION BY MR. CHIEF JUSTICE DREW, September 24, 1951:

This complaint in quo warranto challenges the constitutionality of the Veterans Preference Act of May 22, 1945, P. L. 837, as amended. The court below upheld the constitutionality of the act and dismissed the complaint.

The facts are undisputed and may be stated briefly. George Braden and the defendants all took a civil service examination in 1949 for promotion to Captain of the Fire Bureau of the City of Philadelphia. On December 30th of that year the list of those eligible for promotion was published and included both Braden and the defendants. Braden, a non-veteran, received an average of 79.59. Defendants, all being veterans, received a ten point bonus under the provisions of the Veterans Preference Act and with this bonus their grades ranged from 81.47 to 88.05. As a result, defendants were promoted to the rank of captain on January 11, 1950 but Braden was not.

The ten point bonus to veterans was granted in accordance with §3 of the Veterans Preference Act which provides: "Whenever any soldier shall successfully pass a civil service appointment or promotional examination . . . such soldier's examination shall be marked or graded an additional ten points above the mark or grade credited for the examination, and the total mark . . . thus obtained . . . shall determine his standing on any eligible or promotional list, certified or furnished to the appointing or promoting power." It is the application of this section to promotional examinations that Braden here challenges as unconstitutional class legislation.

At the outset it is conceded that the granting of a preference in the case of original appointments is constitutional. That question was decided in *Commonwealth ex rel. Graham v. Schmid*, 333 Pa. 568, 3 A.

2d 701. We there laid down the test to be used in determining such cases, stating at p. 573: ". . . there must be some reasonable relation between the basis of preference and the object to be obtained, the preference of veterans for the proper performance of public duties. Public policy, as well as constitutional restrictions prohibits an unrestrained preference as it does a preference credit based on factors not representative of true value."

When we apply that test to the facts of this case, we can come only to the conclusion that, because of the difference between an original appointment and a promotion, the award of the ten percentage point preference to veterans in examinations for promotions is unreasonable and therefore unconstitutional. In the *Schmid* case, Mr. Chief Justice KEPHART pointed out that preferences to veterans in appointments to public office are reasonable because the discipline, experience and service represented by the veterans' military activity makes them more desirable applicants for public positions where discipline, loyalty and public spirit are essential, than those who have not served in one of our military organizations. But, the former Chief Justice qualified the right of the legislature to grant such preferences when he added that "where war service is appraised, in the allotment of public positions, beyond its value, and the preference goes beyond the scope of the actual advantages gained in such service, the classification becomes void and the privilege is held unreasonable and arbitrary." We do not doubt but that the military training received by veterans during the course of their service renders them superior candidates for public offices of the nature now under consideration. However, we are convinced that the legislature, in authorizing the addition of ten percentage points to the veterans' final examination marks in all competitive examinations for higher positions than the orig-

inal appointments, has placed far too high a value on the benefit to the public service of the military training of veterans. In the case of an original appointment, the training a veteran has received in the armed forces will, no doubt, make him more amenable to the following of orders, the observance of regulations and, in other ways, tend toward making him a desirable employe. But the advantages to the public of this training are not absolute and, as time passes, the proportional benefit accruing to the public from the employment in such a service of veterans in preference to nonveterans gradually diminishes as both become proficient in the performance of their duties. In determining who is to be awarded a promotion, the skill of the particular examinees in the performance of their tasks is the prime consideration and compared to it the training gained by veterans solely as a result of military service becomes of very little importance. To credit veteran examinees in examinations for successive promotions with the same total of gratuitous percentage points as in the instance of their original appointment to a public position is, therefore, a totally unjustified appraisal of the value of their military training and highly prejudicial to the public service.

It is argued that there is no distinction between an appointment and a promotion; that, since it is conceded by Braden that the grant of a ten percentage point preference to veterans in the instance of an appointment to public service is reasonable and constitutional, the awarding of an identical preference to veterans in the case of promotions in that service is equally reasonable and constitutional. To support this conclusion, reliance is placed on the statement in *Pittsburgh School District Appeal,* 356 Pa. 282, 52 A. 2d 17, that "a promotion is really a surrender of one position and an appointment to a higher one", and it is argued from that that we are now required to hold that an

appointment and a promotion are one and the same thing. There is clearly nothing in that language to warrant such a conclusion nor is there a basis in any other part of the opinion. In that case we held that, although §403 of the School Code did not expressly set forth that the approval of a majority of the members of the Board of Public Education was necessary before a teacher could obtain a promotion, nevertheless it did state that the approval of the members was required before an appointment could be made and that since "a promotion is really a surrender of one position and an appointment to a higher one", their approval was impliedly necessary in the instance of a promotion. We therefore recognized the distinction between an appointment and a promotion and held that under that section of the School Code, the consent of the Board of Education to both appointments and promotions was necessarily required before either or both could be effected. Furthermore, §33 of Article III of the Statutory Construction Act of May 28, 1937, P. L. 1019, requires that words of a statute shall be construed according to their common and approved usage and to interpret the word "promotion" as synonymous with "appointment" would be to ignore this mandate. Webster's New International Dictionary (2nd Ed.) 1943, defines "promotion" as "the act of promoting", i.e. "to advance from a given grade or class as qualified for one higher" and "appointment" as "the designation of a person to hold an office". Authorities too numerous to mention offer similar definitions and none propose that the two terms are used interchangeably. To assert that the legislature attempted to do so in drafting the Veterans Preference Act is erroneous and cannot be sustained by lifting language of this Court out of context of one of its opinions. There is a definite difference between an appointment and a promotion and there is nothing in the language of the instant act to indicate

that the legislature intended that the two words were to be construed as synonymous.

It follows from what has been said that the Veterans Preference Act, in granting the same preference to veterans in examinations for promotions as is granted in their original appointments to a public office is unreasonable and class legislation and therefore unconstitutional.

The order is reversed and the appointments of the named defendants to the positions of captains of the Fire Bureau of the City of Philadelphia are set aside and declared null and void. Costs to be paid by defendants.

---

DISSENTING OPINION BY MR. JUSTICE ALLEN M. STEARNE:

The majority have reached what in my opinion is an incongruous and untenable legal position. They have decided that while an act of assembly granting a preference of a ten point bonus in civil service examinations of war veterans is constitutional when applied to *original appointments* it is unconstitutional when applied to *promotional examinations*.

The Act is the Veterans Preference Act of May 22, 1945 P. L. 837, 51 PS 492.3, as amended. In express words it provides: "Whenever any soldier shall successfully pass *a civil service appointment or promotional* examination . . . such soldier's examination shall be marked or graded an additional ten points above the mark or grade credited for the examination, and the total mark . . . thus obtained . . . shall determine his standing on any eligible or promotional list, certified or furnished to the appointing or promoting power."

As the Act unequivocally applies to *both* appointment and promotional examinations, it is impossible

for me to discover why the act is constitutional to *appointments* but unconstitutional to *promotions.*

This Court has ruled upon the constitutionality of veterans preference acts: *Commonwealth ex rel. Graham v. Schmid,* 333 Pa. 568, 3 A. 2d 701; *Carney et al. v. Lowe et al.,* 336 Pa. 289, 9 A. 2d 418. The veteran first must possess the minimum qualifications to perform the duties involved. The preference is not permitted to be employed as an aid in establishing eligibility. The theory on which the constitutionality of a veteran's preference is sustained is that ". . . there must be some reasonable relation between the basis of preference and the object to be obtained, *the preference of veterans for the proper performance of public duties"* (emphasis supplied) : *Commonwealth ex rel. Graham v. Schmid,* supra. Chief Justice KEPHART said in that case, pp. 573, 574: ". . . *it is not unreasonable to select war veterans from candidates for office and to give them a certain credit in recognition of the discipline, experience and service represented by their military activity."* . . . (emphasis supplied)

". . . *where war service is appraised . . . beyond its value, and the preference goes beyond the scope of the actual advantages gained in such service, the classification becomes void and the privilege is held unreasonable and arbitrary."* (emphasis supplied)

There is no basic distinction in principle between an *appointment* and a *promotion.* In *Pittsburgh School District Appeal,* 356 Pa. 282, 52 A. 2d 17, Mr. Justice HORACE STERN said, p. 286: ". . . this court held in Simmler v. Philadelphia, 329 Pa. 197, 202, 198 A. 1, 3, that a *demotion* is, in reality, a removal from one position and an *appointment* to a lower one; by the same token, a *promotion* is really a surrender of one position and an *appointment* to a higher one." It, therefore, follows that what we said concerning reasonableness of classification relating to *appointments*

of veterans has equal application to *promotions.* Should, however, this view now be rejected when it relates to war veterans, the Act *in terms* applies both to *appointments* and *promotions.* The discipline, experience and military service of a veteran have the same potential value in promotions as they do in appointments. For example: the military training and service of a veteran is conceded to be of value when he applies for a position of hoseman in a fire department. But who can deny that military training as *captain, major* or *colonel* might not better qualify an applicant for *promotion* to the civil position of fire chief?

The majority maintains that *after* a non-veteran joins the fire department, he necessarily must acquire during the course of his service the discipline, experience and loyalty which his counterpart, the veteran, possesses *before* he becomes a member of the department. In addition, the majority assumes that in almost *every* case the *non-veteran* acquires the *additional* discipline, loyalty and experience which the veteran acquires after he joins and serves in the fire department. In other words, the majority holds that the non-veteran *necessarily* "catches up" with the veteran in experience, loyalty and discipline when the time arrives for the two to take a promotional examination. They maintain this to be so in nearly every instance and hence hold the act to be unconstitutional. For the Act to be unconstitutional it must constitute an *unreasonable* classification. And in order for the classification to be unreasonable it must follow that *in almost every case the non-veteran necessarily "catches up" with the veteran.* But this is but an assumption, which may not be true in fact. The presumption attending a legislative enactment endures until it *unquestionably* appears that the challenged statute violates fundamental law: *Hertz Drivurself Stations, Inc. v. Siggins et al.,* 359 Pa. 25, 58 A. 2d 464. In a vast number of cases obviously the

non-veteran does not "catch up" with the veteran. The non-veteran does not necessarily acquire during the course of his service with the fire department that loyalty, discipline and experience already possessed by the veteran *before* assuming or being promoted to a position with the department. The presumption that legislation is constitutional always places the burden of proof upon him who contends that the act is unconstitutional: *Flynn et al. v. Horst,* 356 Pa. 20, 51 A. 2d 54. There is not the slightest evidence before the court in the present case to demonstrate that it is an unreasonable classification in examinations for promotions to grant a veteran 10 points in addition to his passing grade. There is no evidence before the court to indicate that a non-veteran "catches up" with a veteran. Nor can this be accepted as true as a matter of judicial knowledge.

The Legislature took into consideration when it enacted the Veterans Preference Act the fact that the veteran, as distinguished from the non-veteran, was unavailable to the fire department because of his absence. The veteran was unable to take a promotional examination while in military service even though he was eligible in every other respect for promotion. Had he been available it is obvious that in many cases a veteran would have taken and successfully passed promotional examinations. The Act is, therefore, an endeavor by the Legislature to compensate a veteran who because of his military service was unable to take a promotional examination even though eligible.

Courts in sister states have upheld the constitutionality of statutes dealing with preferences to veterans when taking *promotional* examinations: *Jones v. O'Toole et al.,* 190 Cal. 252, 212 P. 9; *Herman et al. v. Sturgeon,* 228 Ia. 829, 293 N. W. 488; *Geyer et al. v. Triplett,* 237 Ia. 664, 22 N. W. 2d 329; *Zanfes v. Olson,* 232 Ia. 1169, 7 N. W. 2d 901; *Opinion of the Justices,*

324 Mass. 736, 85 N. E. 2d 238; *Bateman et al v. Marsh et al.,* 64 N. Y. S. 2d 678. Cf. *Cook v. Mason et al.,* 103 Cal. App. 6, 283 P. 891; *Goodrich v. Mitchell,* 68 Kan. 765, 75 P. 1034; *State ex rel. King v. Emmons et al.,* 128 Ohio St. 216, 190 N. E. 468.

As I view it, the majority has assumed a function reposing exclusively with the Legislature. Heretofore we have held that the wisdom of the classification is for the Legislature and is not reviewable by this Court: *Dufour v. Maize et al.,* 358 Pa. 309, 56 A. 2d 675. It is the Legislature, and not the court, who should determine the wisdom of granting veterans preference in *appointments* and *promotions.*

As the Act in *express terms* grants the preference in *both appointments and promotions,* and since in my view there is nothing unconstitutional in such classification, I would affirm the judgment of the court below.

Mr. Justice HORACE STERN and Mr. Justice LADNER join in this dissent.