## West v. Lower Gwynedd Township

*Henry L. Menin*, of *Menin, Flick & Josel*, for plaintiff.

*Jeremiah J. Cardamone*, of *Timoney, Knox, Hasson & Weand*, for Lower Gwynedd Township.

*Daniel M. Haug*, of *Jenkins, Tarquini & Jenkins, Bernard A. Moore*, of *Beeghley, Rubenstein & Moore*, and *Paul B. Bartle*, of *High, Swartz, Roberts & Seidel*, for other officers.

DAVENPORT, *J*, May 21, 1979—The instant controversy centers on whether the Lower Gwynedd Police Department should apply those

provisions of the Pennsylvania Military Code which give preference to veterans in employment and promotion in public positions: Act of August 1, 1975, P.L. 233, sec. 1, effective January 1, 1976, 51 Pa.C.S.A. §101 et seq. Specifically, plaintiff Walter G. West, a police officer in Lower Gwynedd Township, contends that in 1974 and 1976, when promotions were made within the police department, the department failed to consider his status as a veteran.

West filed a petition for declaratory judgment on May 21, 1976, alleging that the promotions made in 1974 and 1976 were illegal and improper and praying inter alia:—(1) that said promotions be set aside (2) that the township be directed to apply the veteran's preference provisions in the future; and (3) that the act be declared constitutional.

The township, while raising the question of the constitutionality of the provision, contends that even if *arguendo* the provision was constitutional, West is not a soldier within the definition of the statute and that the disputed provision would not apply to him in any case.

After preliminary objections to the complaint were dismissed, the township petitioned for a reconsideration of the order or, in the alternative, for an amendment to the order to include a statement that the case involved a controlling question of law as to which there was a substantial ground for difference of opinion and that an immediate appeal might advance the ultimate termination of the matter.

On September 25, 1978, the court issued a supplemental order amending the earlier order on the ground that the language of the veteran's preference provision was vague. On November 3, 1978, a

petition for an interlocutory appeal was denied by the Commonwealth Court.

A hearing on the petition for declaratory judgment was held before this court on March 14, 1979. Walter G. West was the sole witness at the hearing.

At the outset, the court notes that laws enacted to give preferential treatment in public employment to those who have rendered public service as members of the military have had a long and, in recent years, controversial history. The purpose of these laws has been to "encourage service in the armed services, reward those whose lives have been disrupted because they have served, and provide some assistance during the sometimes uneasy transition from military to civilian life." Anthony v. Com. of Massachusetts, 415 F. Supp. 485, 496 (D. Mass. 1976). Challenges to these laws have rarely questioned the legitimate stated purpose of assisting veterans but instead have focused on (1) the fact that the preference is often on an absolute and permanent basis: Com. ex rel. Maurer v. O'Neill, 368 Pa. 369, 83 A. 2d 382 (1951); and (2) the discriminatory effect such preferences create for women: Anthony v. Com. of Massachusetts, supra; Krenzer v. Ford, 429 F. Supp. 499 (D.C. 1977).

It will not be necessary for this court to reach such weighty and controversial issues since the court has concluded that West is not a "soldier" as defined in 51 Pa.C.S.A. §7101 and, thus, not entitled to a preference as a veteran.

West has rested his case for preferential treatment on 51 Pa.C.S.A. §7104(a) which reads as follows: "Non-civil service.—Whenever any soldier possesses the requisite qualifications and is eligible to appointment to or promotion in a public position,

where no such civil service examination is required, the appointing power in making an appointment or promotion to a public position shall give preference to such soldier."

The crucial definition of "soldier" appears in 51 Pa.C.S.A. §7101:

"As used in this chapter, 'soldier' means a person who served in the armed forces of the United States, or in any women's organization officially connected therewith, during any war or armed conflict in which the United States engaged, or who so served or hereafter serves in the armed forces of the United States, or in any women's organization officially connected therewith, since July 27, 1953, including service in Vietnam, and who has an honorable discharge from such service."

Now, let's look at West's record. He served in the United States Army from July 1, 1959, to July 1, 1961. West correctly points out that neither the Korean War nor the Vietnam War was a declared war and insists, therefore, that since the Vietnam War had no stated beginning, the years he served, namely 1959 to 1961, were years in which the United States was engaged in armed conflict. This is not the first time that the question of when the Korean and Vietnam wars began and ended has arisen in Pennsylvania. In 1976 Attorney General Robert P. Kane, issued an opinion, "Preference in Public Employment Act; Veterans; Seniority." (6 Pa. Bull. 435, 437 (1976)), which dealt with this issue. The opinion held:

"For the purposes of the Military Code a declared war or an armed conflict begins with the opening of hostilities and ends with the cessation of the action.

Using the above criteria, it is possible to determine the exact dates, for the purposes of the Code, of recent conflicts involving the United States. . . . The duration of the Korean conflict was from June 25, 1950, when the North Koreans attacked, to July 27, 1953, which was the date of the cease fire at Panmunjon. The Vietnam hostilities began on August 5, 1964, with the Gulf of Tonkin incident and ended with the signing of the Paris Peace Accord on January 28, 1973."

Although the Attorney General's opinion is not binding on this court, its reasoning is helpful. The court has also looked to Federal law for guidance in determining this issue. In 38 U.S.C.A. §101(9) (a section dealing with Veteran's Benefits), it was stated that the Korean Conflict "means the period beginning on June 27, 1950, and ending on January 31, 1955." In 38 U.S.C.A. §101 (29) the Vietnam Era "means the period beginning August 5, 1964, and ending May 7, 1975." Act of September 2, 1958, 72 Stat. 1106, as amended.

The Attorney General of the United States has issued no opinion on this matter. Both the United States Department of Justice and the Veteran's Administration use the date in Title 38, supra.

Although the opinion of the Attorney General of Pennsylvania lists dates different from those in Title 38, it is significant to note that the years served by West, July 1959 to July 1961, would not constitute years of "armed conflict" under either set of dates. Nor does the contested period fall within our usually accepted notion of a wartime period. The court takes judicial notice of the fact that the period from July 1, 1959, to July 1, 1961, was one in which the United States was free from any military entanglement.

The court therefore concludes that Walter G. West, having served in the United States Army during a period in which the United States was neither at war nor in an armed conflict, is not a "soldier" as defined in 51 Pa.C.S.A. §7101. Having arrived at this conclusion, the court does not reach the constitutional issues. Accordingly, the court enters the following

## ORDER

And now, May 21, 1979, the court, after hearing in open court and a review of the record, hereby dismisses the petition for declaratory judgment.