BELLE VERNON AREA SCHOOL DISTRICT, Appellant,

v.

TEAMSTERS LOCAL UNION NO. 782, INTERNATIONAL BROTHERHOOD OF TEAMSTERS and Robert A. Magruda.

Commonwealth Court of Pennsylvania.

Argued Nov. 13, 1995.

Decided Jan. 29, 1996.

Albert C. Gaudio, for Appellant.

Alan C. Blanco, for Appellee.

Before McGINLEY and PELLEGRINI, JJ., and RODGERS, Senior Judge.

McGINLEY, Judge.

The Belle Vernon Area School District (School District) appeals from an order of the Court of Common Pleas of Westmoreland County (common pleas court) which denied the School District's petition to vacate the January 10, 1995, labor arbitration award which upheld the grievance of Robert A. Magruda (Magruda), a tenured bus driver.

Teamsters Local Union No. 782 (Union) of the International Brotherhood of Teamsters is the certified bargaining representative for bus drivers, mechanics and mechanic helpers employed by the School District. The Union and the School District entered into a collective bargaining agreement (Agreement) with the School District, effective July 1, 1992, until 12:01 A.M., July 1, 1995.[1] Magruda and Jessie L. Ward (Ward) were employed as bus drivers by the School District, when a vacancy for a mechanic job was posted for bidding.[2] Magruda, Ward and others submitted

---

1. Pursuant to Article V the Agreement shall be renewed from year to year unless either party notifies the other of its intent to modify or terminate the Agreement.

2. Magruda has been employed by the School District since September 11, 1975, and Ward has been employed since October 15, 1987.

bids and on June 28, 1993, the School District awarded the job to Ward.

Magruda filed a grievance asserting that the School District violated Section XIV of the Agreement by not awarding him the mechanic job based upon seniority. The grievance was processed through the contractual grievance procedure and on July 1, 1993, the Union demanded arbitration. The arbitrator found that the School District's hiring of Ward violated Section XIV of the Agreement and that Section XIV limited the School District's "discretion on the selection of bargaining unit workers for certain assignments." Arbitration Opinion and Award, January 10, 1994, at 6; Reproduced Record (R.R.) at 54. The arbitrator also found that the mechanic job was not a public position and therefore Section 7104(a) of the Act, commonly known as the "Veterans Preference Act" (Act), 51 Pa.C.S. § 7104(a), did not apply. The arbitrator ordered the School District to award the mechanic job to Magruda and to "make him whole for all loss of wages and other contractual benefits he sustained by the Employer's action." Arbitrator's Award, January 10, 1994.

The School District filed a petition to vacate the arbitration award with the common pleas court. The common pleas court denied the petition and dismissed the appeal, concluding:

> As to the Management Rights and Seniority provision of the collective bargaining agreement, the arbitrator concluded that the seniority provisions of the collective bargaining agreement limited management's authority to fill vacancies. As there is no dispute as to the ability to perform the job, the job should be assigned to Magruda. The Court finds no reason to disturb the arbitrator's interpretation by which the parties had agreed to be bound. In regards to the Veteran's Preference Act, the arbitrator concluded that the Act did not apply to situations where a collective bargaining agreement governed the promotions of personnel. The arbitrator reasonably explained that the bus mechanic's job did not qualify as a public position under the Act. In addition, the collective bargaining agreement governs the job as-

signment, the grievance, and the arbitration in this matter. There is no grounds upon which to vacate the decision of the arbitrator which ... originates from the 'essence' of the agreement.

Opinion of the Common Pleas Court, February 3, 1995, at 2.

 On appeal the School District contends that the arbitrator erred by failing to apply Section 7104(a) of the Act when arbitrating the grievance. The School District asserts that the mechanic job was a vacancy and as such must be considered an "appointment" and not a promotion under Section 7104(a). The School Board also asserts that the mechanic job is a "public" position. Our scope of review is limited to determining whether the arbitrator's award derives its essence from the collective bargaining agreement between the parties. *Greater Johnstown School District v. Greater Johnstown Education Association*, 167 Pa.Cmwlth. 50, 647 A.2d 611 (1994). A Court may not substitute its judgment for that of the arbitrator and therefore the award will be upheld if it was in any rational way derived from the collective bargaining agreement considering the language, context and other evidence of the parties' intentions. *Greater Johnstown*.

Section 7104(a) of the Act provides:

> (a) **Non-civil service.**—Whenever any soldier possesses the requisite qualifications and is eligible to appointment to or promotion in a public position, where no such civil service examination is required, the appointing power in making an appointment or promotion to a public position shall give preference to such soldier.

Initially, the School District contends that it is a public employer and that the mechanic job awarded to Ward was an "appointment" to a "public" position even though the job might be classified as unskilled. The School District asserts the arbitrator erred by determining that the Act did not apply.

In *Maurer v. O'Neill*, 368 Pa. 369, 83 A.2d 382 (1951) George Braden (Braden) and a number of other applicants took a civil service examination for promotion to Captain with the Fire Bureau of the City of Philadelphia. Braden, a non-veteran, received a

score of 79.59 and the remaining applicants, all veterans, received a ten point bonus under the former Veterans Preference Act.[3] As a result of the bonus all of the applicants were promoted to the rank of Captain except Braden.

On appeal the Pennsylvania Supreme Court addressed whether the award of ten percentage point veteran's preference in a promotion situation was reasonable and constitutional. In determining that it was not, the Supreme Court stated:

> In determining who is to be awarded a promotion, the skill of the particular examinees in the performance of their tasks is the prime consideration and compared to it the training gained by veterans solely as a result of military service becomes of very little importance.
>
> . . . .
>
> It is argued that there is no distinction between an appointment and a promotion. . . . Webster's New International Dictionary (2nd Ed.) 1943, defines 'promotion' as 'the act of promoting', i.e. 'to advance from a given grade or class as qualified for one higher' and 'appointment' as 'the designation of a person to hold office'. Authorities too numerous to mention offer similar definitions and none propose that the two terms are used interchangeably. . . . There is a definite difference between an appointment and a promotion and there is nothing in the language of the instant act to indicate that the legislature intended that the two

words were to be construed as synonymous.

> It follows from what has been said that the Veterans Preference Act, in granting the same preference to veterans in examinations for promotions as is granted in their original appointments . . . is unreasonable. . . .

*Id.* at 374–75, 83 A.2d at 384.

We recognize that *O'Neill* involved a civil service examination[4], and that Section 7104(a) of the Act provides that a soldier eligible for "appointment" or "promotion" shall receive veteran preference where no civil service test is required. Because a soldier can be promoted under either subsection, we would be inconsistent if we failed to apply the rationale of *O'Neill* to non-civil service promotions under Section 7104(a) of the Act.

In the present controversy, the parties stipulated that Magruda and Ward were equally qualified for the mechanic job.[5] The issue then is whether the mechanic job vacancy is an "appointment" thereby requiring the application of the Act and the preference.

Article XIV, Section A of the Agreement (Seniority) provides that "[s]eniority is defined as a preferred position for specific purposes which one employee within the bargaining unit may have over another employee within the same unit because of greater length of continuous service with the Employer." Article XVIII of the Agreement

---

**3.** Act of May 22, 1945, P.L. 837, *as amended.* Section 3 of the former Act, 51 P.S. § 492.3 provided that "[w]henever any soldier shall successfully pass a civil service appointment or promotion examination . . . such soldier's examination shall be marked or graded an additional ten points above the mark or graded credited for the examination. . . ." Section 3 of the former Act mirrors the language in present Section 7103(a) of the Act, 51 Pa.C.S. § 7103(a).

**4.** Under the present Act, Section 7104(b) provides:

> Whenever any soldier possesses the requisite qualifications, and his name appears on any eligible or promotional list, certified or furnished as the result of any such civil service examination, the appointing or promoting power in making an appointment or promotion to a public position shall give prefer-

ence to such soldier, notwithstanding, that his name does not stand highest on the eligible or promotional list.

**5.** In *Brickhouse v. Spring–Ford Area School District,* 540 Pa. 176, 656 A.2d 483 (1995) our Pennsylvania Supreme Court reviewed Section 7104(a) of the Act and addressed the issue of whether a veteran, certified to teach in Pennsylvania, must be hired pursuant to the Act when the other applicants are non-veterans. The Supreme Court stated:

> It is clear that there must be a reasonable relation between the basis of the preference (being a veteran) and the object to be obtained. . . . In other words, veterans are not to be preferred in the assignment of public jobs merely on the strength of being veterans. They must be in some sense, 'qualified.'

*Brickhouse,* 540 Pa. at 180, 656 A.2d at 486.

(Bidding Procedure) provides that "[o]nly one (1) bid can be submitted by a driver during a given school year, unless the bidding has gone completely through the seniority list and back to that driver." Finally, Appendix "B" of the Agreement lists the job description and wage scale for the positions of school bus driver, mechanic helper and mechanic.[6]

A reading of Article XVIII, Section A of the Agreement reveals that the bidding procedure addresses the awarding of different regular daily runs, activity runs, midday runs, extra trips and extra daily daytime runs based upon the seniority of the bus driver. The School District's action in posting the mechanic position for bid evidences that the School District and the Union believed that the bidding procedure under Article XVIII also applied to any vacancies occurring in the positions covered under the Agreement. Pursuant to Appendix "B" of the Agreement the bus driver job is the lowest paying position and the mechanic job the highest paying position. The move from bus driver to mechanic must be considered an advancement and the arbitrator's determination that the School District was required to fill the vacancy based upon the seniority provision of Article XIV derived its essence from the Agreement. *City of Philadelphia, OHCD v. AFSCME*, 166 Pa.Cmwlth. 403, 646 A.2d 1263 (1994). The arbitrator properly concluded that the Act was not applicable and that the mechanic job should have been awarded to Magruda.[7]

Accordingly, we affirm the decision of the common pleas court.

### ORDER

AND NOW, to wit, this 29th day of January, 1996, the order of the Court of Common Pleas of Westmoreland County at No. 659 of 1994, dated February 3, 1995, is affirmed.

RODGERS, Senior Judge, dissents.

6. For the 1994–1995 School Year the hiring rate is as follows: school bus driver, $10.00 per hour; mechanic helper, $10.15 per hour; and mechanic, $11.25 per hour.

ROGERS, Senior Judge, dissenting.

I respectfully dissent. In this case, two bus drivers, public employees of the school district, applied for the position of bus mechanic, for which they were equally well qualified. According to the law, by statute, the veteran was entitled to preference. Instead, the arbitrator determined that the applicant with seniority in service should prevail, in accordance with the terms of a collective bargaining agreement. The majority affirms, because the transfer from bus driver to bus mechanic was a promotion, and finds that Section 7104(a) of the act commonly known as the Veterans Preference Act (Act), 51 Pa.C.S. § 7104(a), which clearly applies to both original appointments and promotions, is unconstitutional as applied to promotions, which is to say, it is unconstitutional on its face.

In *Maurer v. O'Neill*, 368 Pa. 369, 83 A.2d 382 (1951), the Supreme Court examined a provision of the Act which granted a ten-point bonus to veterans in all competitive examinations as it applied to examinations for promotions. After analyzing the difference between original appointments and promotions, the *O'Neill* court concluded that the test to be applied was whether the preference granted was reasonable in light of public policy considerations. The court concluded that the provision of the Act which granted the *same* preference to veterans in a promotional context as was granted in appointments to original positions is unreasonable and, thus, unconstitutional.

I believe that the majority construes this decision too broadly, by interpreting it to mean that granting *any* preference to veterans in the context of promotions is unreasonable, and, therefore, unconstitutional. In my view, this court must undertake the same analysis as set forth in *O'Neill* and determine whether the preference *as applied* is reasonable, a determination which must be based on the facts of each case. "A statute may operate in an unconstitutional manner as to

7. Because of this Court's determination that the move from bus driver to mechanic was a promotion and not an appointment, the issue of whether the job was a public position under the Act is moot.

one particular individual or company, as to which it may be declared void, and yet may, as to others, still be effective." 7 P.L.E. Constitutional Law § 30 (1980), p. 296. I would hold that the reasoning of *O'Neill* is inapplicable to the facts presented here, and does not bar application of the preference granted under the Act, as here we begin with the assumption that both parties are equally well qualified.