Ralph A. SICURO, Alan J. Todd, Patrick L. Gaertner, Peter P. Srnik, George H. Felsing, Joseph J. Giorgianni, Robert W. Griffiths

v.

CITY OF PITTSBURGH and
James A. Lauso.

Appeal of James A. LAUSO, Appellant.

Ralph A. SICURO, Alan J. Todd, Patrick L. Gaertner, Peter P. Srnik, George H. Felsing, Joseph J. Giorgianni, Robert W. Griffiths

v.

CITY OF PITTSBURGH.

Appeal of Kevin JOA, Appellant.

Ralph A. SICURO, Alan J. Todd, Patrick L. Gaertner, Peter P. Srnik, George H. Felsing, Joseph J. Giorgianni, Robert W. Griffiths

v.

CITY OF PITTSBURGH

v.

Kevin JOA, Eric Baxendell, Michael Devine, John Frazier, Mark Goodnight, Michael Izaj, Marc Kelly, Paul Krell, Che Long, Arthur Collins, Frank Dobbins, Jill Crawley, James O'Toole, Kenneth Ruckel, Jr., Edward Weist, Timothy Yakich, Thomas Zwigart, David Lynch, James Lauso, Dawn Kohnen, Neil Hall And Michael Girvin.

Appeal of Michael DEVINE, John Frazier, Michael Izaj, Marc Kelly, Paul Krell, Jill Crawley, James O'Toole, Kenneth Ruckel, Jr., David Lynch, Neil Hall and Michael Girvin, Appellants.

Commonwealth Court of Pennsylvania.

Argued May 13, 1996.
Decided Oct. 29, 1996.

W.J. Helzlsouer, for Appellant.

Marianne S. Malloy, for Appellee, City of Pittsburgh.

Wayne V. De Luca, for Appellee, Ralph A. Sicuro, et al.

Before KELLEY and FLAHERTY, JJ., and RODGERS, Senior Judge.

FLAHERTY, Judge.

Michael Devine et al., James A. Lauso and Kevin Joa et al. (collectively Appellants), appeal from the November 2, 1995, order of the Court of Common Pleas of Allegheny County (trial court), which granted the motion for summary judgment filed by Ralph Sicuro et al. (Appellees) and dismissed Appellants' motions for summary judgment.

Appellants and Appellees are applicants for positions as firefighters with the City of Pittsburgh (City), which fills these positions through civil service examination. In December of 1993, the City announced a January, 1994, examination for positions as firefighter with the City. Pursuant to the Veterans' Preference Act of 1975(Act), 51 Pa.C.S. §§ 7101—7109, the City awards an additional ten (10) veterans' preference

points (preference points) to the grade of any applicant who is a soldier, as defined under the Act. After the exams are graded, the City posts an eligibility list ranking the applicants according to grade scores. These grade scores are composed of the applicant's actual test score and, if applicable, the additional preference points.

Appellees are all veterans who were honorably discharged prior to taking the examination and were soldiers at the time of the examination. Each Appellee submitted original discharge and separation papers prior to July 2, 1994, the date the eligibility list for the January, 1994, exam was posted. Appellees' scores on this list included the additional points. After posting this initial eligibility list, the City has been awarding preference points to any applicant who provides documentation proving that he or she was honorably discharged from the service, including applicants who obtained honorable discharges after successfully completing only reserve training, but who have not yet served their full Reserve and/or National Guard commitment.

The present matter arose due to the fact that the City awarded preference points to each of the Appellants' scores *after* the July 2, 1994, list was posted. Without these points, Appellants' scores were lower than those of each of the Appellees. The City awarded the preference points to each of the Appellants because it concluded that, under the Act, Appellants were entitled to points upon discharge from the reserve duty training program.[1] The City had no other basis for awarding these points.

The fourteen Appellants had not been honorably discharged from their military service commitments at the time of the December, 1993, deadline for submitting their examination applications, or at the time of the January, 1994, examination. In fact, none of the Appellants joined the Reserves or the National Guard until *after* taking the January, 1994, examination. Indeed, two of the fourteen joined after the date of examination, but

prior to the July 2, 1994, posting of their examination scores, while the remaining twelve joined the Reserves or National Guard after their examination scores were posted on July 2, 1994. Further, none of the fourteen Appellants received an honorable discharge as of the July 2, 1994, posting of score results for the firefighter examination.

■ The parties stipulated at the trial court level that there were no genuine issues of material fact to be tried. A trial court may properly grant summary judgment where a moving party establishes that there exists no genuine issue of material fact, and that it is entitled to a judgment as a matter of law. *Bazemore v. Southeastern Pennsylvania Transportation Authority*, 657 A.2d 1323 (Pa.Cmwlth.1995). The legal issue before the trial court was whether the applicants, Appellants herein, were entitled to preference points for the January, 1994, examination upon satisfactory completion of only their three or four months' active duty reserve training.

Appellees argued (1) that none of the Appellants were soldiers at the time of the January, 1994, examination, (2) that the purpose of the Act is not served by granting preference points to individuals who receive the benefit of training but have not yet provided service to this country, and (3) that an honorable discharge from active duty reserve training has no reasonable relation to the basis of veterans' preference and is not representative of the true value of such service.

The trial court, while not agreeing with Appellees' argument that Appellants were required to be soldiers at the time of the examination, was persuaded by Appellees' argument that the City's practice of awarding points to individuals who have only completed reserve training is contrary to the intent of the Act. Therefore, the trial court (1) granted plaintiffs' (Appellees') motion for summary judgment, (2) denied defendants' (Appellants') motion for summary judgment, (3) held that the City violated the Act by awarding preference points to persons who

---

1. Following enlistment, each of the Appellants was on active duty for three or four months while receiving reserve training. Following successful completion of this training, each Appel-

lant received an honorable discharge, but is required to complete his or her continuing Reserve or National Guard responsibilities.

have only completed reserve training but not their minimum obligations to the National Guard and/or Reserves, and (4) ordered that the scores and ranking be based on the original July 2, 1994, posting. Appellants now appeal to this court.

The issue on appeal is whether the trial court erred in determining that the practice of the City, of awarding preference points based on service in the National Guard and/or U.S. Reserves to persons who have completed their training but who have not completed their full military service obligations to the National Guard and/or Reserves, violates the Act.[2]

■ Our standard of review, where a trial court grants or denies summary judgment, is limited to determining whether the trial court committed an abuse of discretion or an error of law. *Salerno v. LaBarr*, 159 Pa. Cmwlth. 99, 632 A.2d 1002 (1993), *petition for allowance of appeal denied*, 537 Pa. 655, 644 A.2d 740 (1994).

The arguments of the parties center on *Herskovitz v. State Civil Service Commission*, 111 Pa.Cmwlth. 427, 534 A.2d 160 (1987). In *Herskovitz*, petitioners' military service backgrounds were summarized as follows:

> Herskovitz served in the Pennsylvania National Guard from January 3, 1970 to January 2, 1976. He was on active duty for training purposes from April 22, 1970 to October 18, 1970. He was honorably discharged on January 2, 1976.
>
> Petitioner Cocheres, while attending college, served in the Reserve Officers Training Corps from September, 1965 to May 24, 1969. He entered the U.S. Army Reserve in September, 1967 and spent six weeks at a summer training camp at Indiantown Gap Military Reservation during the summer of 1968. He was appointed a 2nd Lieutenant in the U.S. Army Reserve

on May 25, 1969. From September 22, 1972 to November 28, 1972 the Petitioner underwent basic training at Fort Gordon, Georgia. On May 24, 1977, he was honorably discharged from the U.S. Army.

> Petitioner Strohecker, while attending college, served in the Reserve Officers Training Corps for 4 years. He participated for three months in an armor officer basic training course in 1971 and upon completion thereof he was released to the U.S. Army Reserve where he served from January, 1972 through September, 1975. He has been a member of the Pennsylvania National Guard since October, 1976.

*Id.*, 534 A.2d at 160—161.

As evidenced by these facts, all three petitioners in *Herskovitz* completed their training time, as well as the full five to six years of their service obligations, and were then honorably discharged from further service. Only one of the petitioners, Strohecker, was serving in the National Guard at the time of the decision. Strohecker, however, joined the National Guard in October of 1976, *only after* serving his full obligation in the Reserves from January, 1972 through September, 1975, and receiving an honorable discharge.

The issue in *Herskovitz* was whether training time and service in the Pennsylvania National Guard and/or the U.S. Reserves entitled the petitioners to preference points. This court held that the active training time *and service* by the petitioners in the Pennsylvania National Guard and/or U.S. Reserves qualified each of them as soldiers for the veterans' preference provisions of the Act.

Appellants here argue that *Herskovitz* governs the present action because they were "discharged" from active duty after completion of their reserve training and are "serving" in the armed forces. Appellants

---

**2.** During oral argument, counsel for Appellants argued that Appellees did not file a cross-appeal from the trial judge's decision concerning the definition of "soldier." However, we find the definition of "soldier" is so commingled with, and inherent to, the determination of awarding preference points, i.e., when does a person become a "soldier" so as to be entitled to preference points, that it is essential in the determina-

tion of the issue in this case. Indeed, Appellants begin the Argument section of their brief by stating that the analysis of 51 Pa.C.S. §§ 7101 and 7103(a) must be read together. (Appellant's brief at 11.) Appellants then continue their argument by stating that the "sole question becomes are these [Appellants] 'soldier(s)' as defined in 51 Pa.C.S.A. § 7101 . . . ." (Appellant's brief at 12.)

aver, therefore, that they are entitled to status as soldiers under the Act. "Soldier" is defined in 51 Pa.C.S. § 7101 as:

> A person who served in the armed forces of the United States, or in any women's organization officially connected therewith, during any war or armed conflict in which the United States engaged, or who so served or hereafter serves in the armed forces of the United States, or in any women's organization officially connected therewith, since July 27, 1953, including service in Vietnam, and who has an honorable discharge from such service.

■■■ The Act should be given strict construction. *Eggleston v. City of Philadelphia,* 380 Pa. 158, 110 A.2d 183 (1955). Appellants' argument fails on both points. First, the words "or hereafter serves" do not entitle Appellants to eligibility for preference points merely because they are currently serving in the National Guard and/or Reserves. Second, Appellants fail to note the remainder of the definition which requires that the individual who served or serves must also be one "who has an honorable discharge *from such service.*" 51 Pa.C.S. § 7101 (emphasis added). An honorable discharge after completion of only reserve training does not equate to an honorable discharge "from such service" for purposes of the Act. Indeed, it is evident that the legislature's definition of soldier requires that an individual who "served or hereafter serves ... since July 27, 1953,"[3] must (1) fulfill his or her military service commitment and (2) receive an honorable discharge from such service. Appellants here, unlike the petitioners in *Herskovitz,* have not fulfilled their Reserves and/or National Guard commitment, i.e., their service. In fact, they have just begun to undertake these commitments.

■■■ The purpose of the Act is to reward qualified veterans for their service to this country. Appellants have only completed their reserve *training.* Completion of their *training* does not equate to completion of their *service* for purposes of obtaining pref-erence points. Appellees correctly argue that an honorable discharge from active duty reserve training has no reasonable relation to the basis of veterans' preference, and is not representative of the true value of such service. Where the award of veterans' preference points has been found to have no reasonable relation between the basis of the preference and the object to be obtained, the application is unconstitutional. *Commonwealth ex rel. Maurer v. O'Neill,* 368 Pa. 369, 83 A.2d 382 (1951). In *O'Neill,* the Supreme Court held that an award of veterans' preference points on promotional examination scores placed "a totally unjustified appraisal of the value of ... military training," and "is unreasonable and class legislation and therefore unconstitutional." *Id.,* 83 A.2d at 383, 384. The Court went on to state that "[p]ublic policy, as well as constitutional restrictions, prohibits an unrestrained preference as it does a preference credit based on factors not representative of their true value." *Id.* at 383, citing *Commonwealth ex rel. Graham v. Schmid,* 333 Pa. 568, 573, 3 A.2d 701, 704 (1938).[4]

■■ Appellees correctly argue that *Herskovitz* is distinguishable from the present matter, as none of the Appellants herein were soldiers at the time of the examination. To obtain credits in civil service examinations, 51 Pa.C.S. § 7102(a) states that:

> When any *soldier shall take* any civil service appointment ... examination for a public position under the Commonwealth ... he shall be given credit in the manner hereinafter provided; for the discipline and experience represented by his military training and for the loyalty and public spirit demonstrated by his service for the preservation of his country.... (Emphasis added.)

Additionally, 51 Pa.C.S. § 7102(b) states that "[n]o soldier taking any civil service ... examination shall be required to furnish ... his *former* rank or service serial number." (Emphasis added). Moreover, 51 Pa.C.S. § 7103(a) states that "[w]henever a *soldier*

---

**3.** *Id.*

**4.** *O'Neill* and *Schmid* have recently been upheld by the Pennsylvania Supreme Court in *Hoffman*

*v. Township of Whitehall, et al.,* 544 Pa. 499, 677 A.2d 1200 (1996).

shall successfully pass a civil service appointment ... examination ... such *soldier's* examination shall be marked or graded an additional ten points above the mark or grade credited for the examination...." (Emphasis added.) The aforementioned sections of the Act, read *in pari materia*, reveal that a person must be a soldier *at the time of the examination,* and that the additional points will only be awarded to individuals who are soldiers *at the time of the examination.*

■ In the present matter, none of the fourteen Appellants were soldiers at the time of the January, 1994, examination. Indeed, none of the Appellants even joined the Reserves or the National Guard until *after* taking the examination. This court will not extend *Herskovitz* to this type of situation. We hold that *Herskovitz* is limited to individuals who are "soldiers," i.e., individuals who have completed their military service commitment and have received an honorable discharge from such service *at the time they take the civil service appointment examination.* Any attempt to expand *Herskovitz* beyond these parameters would be an attempt to expand the Act, thereby diminishing opportunities for individuals who have completed their full, significant contributions to the military, something this court will not do.

■ Therefore, we hold that the City's practice of amending eligibility lists for persons who are not soldiers at the time of examination violates the Act.

Accordingly we affirm, on other grounds, the trial court's November 2, 1995, decision granting summary judgment in this matter.

### ORDER

NOW, October 29, 1996, the order of the Court of Common Pleas of Allegheny County, dated November 2, 1995, No. GD–95–12924, is affirmed.